J-S10045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN LAROCCO | |
| Appellant | No. 2452 EDA 2016 |

Appeal from the Judgment of Sentence dated July 7, 2016
In the Court of Common Pleas of Carbon County
Criminal Division at No(s): CP-13-CR-0000743-2010

BEFORE: BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED MAY 12, 2017**

Appellant John Larocco appeals from the judgment of sentence imposed after the trial court revoked his probation. He contends that his sentence is manifestly excessive. We affirm.

In 2010, Appellant was charged with eighteen counts of burglary,[1] as well as numerous other related offenses. According to Appellant, he committed the burglaries to support his drug addiction. Appellant's Brief at 5. In 2012, he pleaded guilty to five counts of burglary and was sentenced to a total of three to six years of incarceration, followed by five years of special probation.[2] The special provisions of probation included that

_____

[1] 18 Pa.C.S. § 3502.

[2] The sentences were as follows: 12-24 months' incarceration, followed by 5 years' probation (Count 3); 12-24 months' incarceration (Count 6)
*(Footnote Continued Next Page)*

Appellant was to undergo a mental health evaluation within sixty days and to have a "zero tolerance" threshold for possession, control, and consumption of alcoholic beverages and non-prescribed medication. On October 27, 2014, after having completed his minimum sentence, Appellant was paroled. As conditions of his parole, Appellant was required, among other things, to abstain from drug possession and use, as well as to undergo a mental health evaluation within sixty days.

While on parole, in April of 2015, Appellant was charged with several criminal offenses after he left the scene of a traffic accident and the agent investigating the accident found marijuana in Appellant's home. Appellant also (1) had contact with another drug offender (his girlfriend), (2) tested positive for heroin twice in 2016, and (3) failed to obtain the required mental health evaluation. N.T., 5/27/16, at 6-11.

On March 9, 2016, Agent Kiley Sock of the Pennsylvania Board of Probation and Parole filed a motion to revoke Appellant's special probation based on Appellant's positive test for heroin.[3] Appellant waived his **Gagnon**

---

*(Footnote Continued)* ――――――――――

(consecutive); 12-24 months' incarceration (Count 7) (consecutive); 12-24 months' incarceration (Count 15) (concurrent); and 12-24 months' incarceration (Count 18) (concurrent).

[3] Appellant's probation had not yet begun. However, Appellant "does not dispute that his probation could be revoked prior to him beginning it." Appellant's Brief at 13 n.1 (citing **Commonwealth v. Hoover**, 909 A.2d 321, 323 (Pa. Super. 2006)).

*I* hearing, and the trial court held a *Gagnon II* hearing on May 27, 2016.[4]

Agent Sock testified regarding Appellant's conduct since his release in

October of 2014, and recommended a state sentence because:

> [Appellant] was given multiple upon multiple opportunities
> to succeed.  He was placed in several positions to succeed
> by state parole.  And all the time that was given to him to
> adjust to society and to getting himself on track, he
> disregarded it all.  He never took any advice from the
> agent to proceed based on – from the beginning with the

---

[4]  We have explained the probation/parole revocation procedure as follows:

> "At the preliminary [*Gagnon I*] hearing, a probationer or
> parolee is entitled to notice of the alleged violations of probation
> or parole, an opportunity to appear and to present evidence in
> his own behalf, a conditional right to confront adverse witnesses,
> an independent decisionmaker, and a written report of the
> hearing." *Gagnon v. Scarpelli*, [411 U.S. 778, 786 (1973)]
> . . . .  Thus, the *Gagnon I* hearing is similar to the preliminary
> hearing afforded all offenders before a Common Pleas Court
> trial: the Commonwealth must show probable cause that the
> violation was committed.
>
> The *Gagnon II* hearing entails, or may entail, two decisions:
> first, a "consideration of whether the facts determined warrant
> revocation."  "The first step in a *Gagnon II* revocation decision
> . . . involves a wholly retrospective factual question: whether the
> parolee [or probationer] has in fact acted in violation of one or
> more conditions of his parole [or probation]."  *Gagnon v.
> Scarpelli*, *supra*, 411 U.S. at 784 . . . .  It is this fact that must
> be demonstrated by evidence containing "probative value."
> "Only if it is determined that the parolee [or probationer] did
> violate the conditions does the second question arise: should the
> parolee [or probationer] be recommitted to prison or should
> other steps be taken to protect society and improve chances of
> rehabilitation?" [*Id.*]

*Commonwealth v. Ferguson*, 761 A.2d 613, 617 (Pa. Super. 2000) (some
citations omitted).

criminal offenses all the way that we upgraded to heroin use.

N.T., 5/27/16, at 12.

Appellant testified that he participated in a drug treatment program in prison, and when he was released, he initially elected to continue treatment. However, his attendance became "sporadic." Agent Sock helped Appellant get a job, but Appellant quit that job because he did not think it paid enough. Appellant was unemployed for a month and a half, and then got a seasonal job. At some point, his drug use escalated from marijuana to opiates.[5] Agent Sock helped Appellant get admitted into another drug treatment program, but Appellant stopped attending because he "didn't believe it was the right program for [him]." Appellant did not dispute that he violated the terms of his supervision by using heroin or that he needed to go back to state prison. N.T., 5/27/16, at 28-35, 37-38.

At the conclusion of the May 27, 2016 hearing, the trial court found that Appellant violated the terms of his supervision and deferred sentencing to give further consideration to issues that had been raised. N.T., 5/27/16, at 48. The trial court expressed its desire to impose a sentence that would not only punish Appellant for his violations, but also "get him the help he needs." *Id.* at 40.

_____

[5] When he committed the burglaries, Appellant was using Xanax and marijuana. N.T., 5/27/16, at 32.

On July 7, 2016, the trial court held another hearing. At that time, the Commonwealth recommended a sentence of (1) five to ten years' of incarceration, or (2) three and one-half to seven years of incarceration, followed by special probation; Appellant's counsel suggested one to two or two to four years of incarceration, and stated Appellant's desire to "limit the amount of special probation." N.T., 7/7/16, at 3. The trial court imposed a sentence of two and one-half to five years' incarceration, followed by two years of special probation. The court said it had given "serious thought over the last several weeks as to what would be appropriate in [Appellant's] case [,] taking into consideration what the violations were." *Id.* at 4. The court expressed concern that Appellant had not been on parole long when the violations occurred, and observed that Appellant's prior participation in drug treatment programs had been unsuccessful. *Id.* at 5.

On July 15, 2016, Appellant filed a timely petition to reconsider his sentence.[6] The trial court, without expressly granting reconsideration, scheduled a hearing for September 19, 2016. On August 5, 2016, Appellant filed a timely notice of appeal.[7]

_____

[6] "A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period." Pa.R.Crim.P. 708(E).

[7] On August 8, 2016, Appellant filed a *pro se* motion to modify sentence. At a hearing on August 30, 2016, Appellant and counsel agreed that, due to the filing of a notice of appeal, the trial court lacked jurisdiction over both the
*(Footnote Continued Next Page)*

Appellant raises the following issue:

Whether the Trial Court abused its discretion when it imposed a manifestly excessive sentence of total confinement of two-and-a-half to five years followed by two years of consecutive probation that was based only on an alleged technical violation that Appellant tested positive for opiates in violation of zero tolerance.

Appellant's Brief at 4.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." *Commonwealth v. Glass*, 50 A.3d 720, 726 (Pa. Super. 2012), *appeal denied*, 63 A.3d 774 (Pa. 2013). Before we reach the merits of Appellant's issue, we must determine whether:

(1) the appeal is timely; (2) Appellant preserved his issue; (3) Appellant's brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentence[], as required by Rule 2119(f) of the Pennsylvania Rules of Appellate Procedure; and (4) that concise statement raises a substantial question that the sentence[] [was] inappropriate under the Sentencing Code.

*Commonwealth v. Flowers*, 149 A.3d 867, 870 (Pa. Super. 2016).

Here, Appellant has satisfied the first three requirements: he filed a timely appeal; preserved his issue in his July 15, 2016 petition for reconsideration of sentence and his Pa.R.A.P. 1925(b) statement; and included a Rule 2119(f) statement in his brief. The trial court concluded, and the Commonwealth argues, that Appellant failed to raise a substantial question. We disagree. "An argument that the trial court imposed an

*(Footnote Continued)* ———————

counseled and *pro se* petitions. Thus, both petitions were denied on that basis. Trial Ct. Op., 10/6/16, at 3-4.

- 6 -

excessive sentence to technical probation violations raises a substantial question." *Commonwealth v. Schutzues*, 54 A.3d 86, 98 (Pa. Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013). Because Appellant has raised a substantial question, we will consider the merits of his sentencing claim.

> Our standard of review is deferential:
>
> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment – a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000) (quotation marks and citations omitted). When probation is revoked, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). Total confinement may be imposed only if:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

*Id.* § 9771(c). Our Supreme Court has explained:

[A] trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him. In point of fact, where the revocation sentence was adequately considered and sufficiently explained on the record by the revocation judge, in light of the judge's experience with the defendant and awareness of the circumstances of the probation violation, under the appropriate deferential standard of review, the sentence, if within the statutory bounds, is peculiarly within the judge's discretion.

*Commonwealth v. Pasture*, 107 A.3d 21, 28-29 (Pa. 2014) (internal citation omitted).

Appellant "does not dispute that he violated [his] probation or that incarceration was necessary based upon his conduct on supervision." Appellant's Brief at 13. Rather, he contends that his sentence is "manifestly excessive because it was based on a technical violation that was the result of his drug addiction." *Id.* at 14. Although Appellant's heroin use was the basis for the revocation, Appellant concedes that the trial court could consider his other conduct "to determine whether total confinement was an appropriate sentence." *Id.* at 15.

The trial court explained the reasons for Appellant's sentence as follows:

Based upon the testimony given at the . . . hearings on May 27, 2016 and July 7, 2016, this Court concluded that [Appellant]'s initial bout in state prison had not been sufficient insofar as his drug rehabilitation was concerned, as [Appellant] had failed several urine tests. The testimony established [Appellant] had graduated from a pill addiction to a heroin addiction, his work history after his release from prison was sporadic, and his drug and alcohol treatment attendance had

- 8 -

become increasingly infrequent. By [Appellant]'s own admission, he agreed another state sentence was necessary and would benefit him in his recovery. Considering all these factors, this Court sentenced [Appellant] to a term of incarceration that it believed would be in [Appellant]'s best interest and of a sufficient length to help [Appellant] overcome his drug addiction.

Trial Ct. Op. at 7-8 (footnotes omitted). We discern no abuse of discretion. The trial court explained that its sentence was based on Appellant's lack of success on parole and need for further rehabilitation. We also note that the sentence imposed was only slightly higher than the two to four years suggested by Appellant's counsel, *see* N.T., 7/7/16, at 3, and was well below the statutory maximum for Appellant's crime. ***See*** 18 Pa.C.S. § 1103(1) (setting 20-year maximum for felony of the first degree).

Appellant's reliance on ***Commonwealth v. Parlante***, 823 A.2d 927 (Pa. Super. 2003), is misplaced. In ***Parlante***, this Court held that the trial court abused its discretion in imposing a sentence of four to eight years of incarceration after revoking Parlante's probation. ***Id.*** at 928. While on probation for possession of illegal drugs and three counts of forgery, Parlante committed technical and substantive violations. ***Id.*** One of the violations was underage drinking two days before Parlante's twenty-first birthday. ***Id.*** at 928 n.1. We vacated the four-to-eight-year prison sentence because the trial court "based Parlante's sentence solely on the fact that her prior record indicated that it was likely that she would violate her probation in the future but failed to consider other important factors." ***Id.*** at 930.

Unlike in *Parlante*, Appellant does not contend that the trial court failed to consider important factors. Indeed, the record indicates that the trial court carefully considered not only the gravity of Appellant's offense, but also Appellant's rehabilitative needs. *See* N.T. 5/27/16, at 40; N.T., 7/7/16, at 5, 8; Trial Ct. Op. at 7-8. Moreover, Appellant's case is factually distinguishable from *Parlante*. Appellant's initial crime, burglary (a felony of the first degree, for which he could have received a maximum sentence of twenty years), was more serious than Parlante's crimes of forgery and drug possession. Moreover, the sentence Appellant received, two-and-one-half to five years' imprisonment, was less than Parlante's sentence of four to eight years. In sum, based upon our review of the record, we hold that the lower court did not abuse its discretion in sentencing Appellant.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2017