J-S32011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALBERT P. PUSATERI, | |
| Appellant | No. 1210 WDA 2014 |

Appeal from the Judgment of Sentence July 7, 2014
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0001338-2004

BEFORE:  SHOGAN, OLSON, and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 11, 2015**

Appellant, Albert P. Pusateri, appeals from the judgment of sentence entered on July 7, 2014, following the revocation of his probation.  We affirm.

The record reveals that on June 9, 2004, Appellant approached a seventeen-year-old female ("the victim") on a sidewalk near his home in Butler, Pennsylvania.  Affidavit of Probable Cause, 6/10/04, at 1; N.T., Sentencing, 10/18/05, at 4.  Appellant requested a cigarette from the victim, but she informed him that she did not have any.  N.T., Sentencing, 10/18/05, at 4.  Appellant then offered the victim money to come inside his house, but she refused.  *Id*.  At this point, Appellant grabbed the victim, dragged her inside his house, barricaded the door so that she could not escape, removed her clothing, and sexually assaulted her.  *Id*. at 5.

Appellant was subsequently arrested and charged with rape, kidnapping, unlawful restraint, aggravated indecent assault, and simple assault. Complaint, 6/23/04. On January 27, 2005, Appellant entered a guilty plea to one count of aggravated indecent assault. On October 18, 2005, Appellant was determined to be a sexually violent predator ("SVP"), and the trial court sentenced Appellant to a term of thirty-six to ninety months of incarceration followed by thirty months of probation. N.T., Sentencing, 10/18/05, at 14.

Appellant was not paroled, and as his maximum sentence and release date approached, he was required to provide the Pennsylvania Board of Probation and Parole (hereinafter "the Board") an approved home plan identifying where he would live during his thirty months on state-supervised special probation. However, as Appellant is an SVP, the home plans he suggested were not acceptable to the Board due to those residences being located close to schools and parks where children gather. N.T., Revocation/Sentencing, 7/7/14, at 13. Because Appellant violated his probation by failing to provide an approved home plan, which was a condition of his probation, the trial court revoked Appellant's probation and recommitted him to a term of twelve to thirty months of incarceration, with credit for time already served. *Id*. at 15. Appellant filed a timely appeal, and both the trial and Appellant have complied with Pa.R.A.P. 1925.

In this appeal, Appellant raises one issue for this Court's consideration:

> WHETHER A PROBATION VIOLATION CAN BE VESTED AGAINST A DEFENDANT FOLLOWING HIS MAXIMUM EXPIRATION OF AN INCARCERATION SENTENCE UPON THE IMMEDIATE FAILURE TO SECURE AN APPROVED RESIDENCE SUBJECT TO THE DISCRETIONARY APPROVAL PROCESS CONDUCTED BY THE PENNSYVANIA BOARD OF PROBATION AND PAROLE UNDER THE PENNSYVANIA SEXUAL OFFENDERS REGISTRATION AND NOTIFICATION ACT (SORNA) WHEN THE DEFENDNAT IS INDIGENT, DISABLED, AND WITHOUT ANY RESOURCES PROVIDED BY SORNA TO ASSIST WITH RESIDENCY?

Appellant's Brief at 6 (verbatim).

Our standard of review is as follows:

> In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000). Our standard of review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b); *Commonwealth v. Gheen*, 688 A.2d 1206, 1207–08 ([Pa. Super.] 1997) (the scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the judgment of sentence). Once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: (1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, (3) such a sentence is essential to vindicate the authority of court. 42 Pa.C.S.A. § 9771(c); *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa. Super. 2001).

*Commonwealth v. Hoover*, 909 A.2d 321, 322-323 (Pa. Super. 2006).

When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation.

***Commonwealth v. Simmons***, 56 A.3d 1280, 1283-1284 (Pa. Super. 2012), *affirmed*, 91 A.3d 102 (Pa. 2014) (citation omitted). Moreover, an order of probation can be changed or revoked "if, at any time before the defendant has completed the maximum period of probation, or before he has begun service of his probation" the defendant commits offenses or otherwise demonstrates that he is unworthy of probation. ***Hoover***, 909 A.2d at 323-324. Finally, the Pennsylvania Code provides as follows:

[The Board] may, during the probation or parole period, in case of violation of the conditions of probation or parole, detain the special probationer or parolee in a county prison and make a recommendation to the court, which may result in the revocation of probation or parole and commitment to a penal or correctional institution to serve a sentence in the case of probation or the remainder of the sentence in the case of parole.

37 Pa. Code § 65.3.

Here, Appellant argues that he:

is in the situation where he cannot surmount the Board's statutory authority to deny residences and exhausted all of his options after submitting seven or eight of them for approval. He is indigent and disabled and is now serving a probation violation sentence because of his lack of residence. Appellant was never released from incarceration following the expiration of his maximum jail sentence. Appellant believes such violation and subsequent sentence is illegal, and the Board's actions of immediate and continued detention of him are unconstitutional. Appellant believes that he can be effectively and strictly

- 4 -

monitored within the community by special conditions of probation imposed by [the Board]. Appellant believes his continued incarceration is illegal.

Appellant's Brief at 20-21.

Initially, we point out that Appellant has failed to direct this Court's attention to any authority that would permit us to review the discretion of the Board in approving or disapproving a home plan, nor has our independent research uncovered any such authority.[1] As such, the appealable order is the judgment of sentence and its propriety, which we review under the standard set forth above. **Hoover**, 909 A.2d 322-324; **Simmons**, 56 A.3d at 1283-1284. To that end, we disagree with Appellant's claim of error, and we conclude that the Board had no duty to approve Appellant's home plan, did not err in rejecting Appellant's home plan due to their locations relative to children, and the trial court did not err revoking probation and resentencing Appellant.

The residency restrictions placed on sex offenders were addressed in an opinion filed in our sister court. In **Nieves v. Pennsylvania Board of Probation and Parole**, 995 A.2d 412 (Pa. Cmwlth. 2010),[2] the

_____

[1] We note also that Appellant has failed to comply with the rules of appellate procedure by failing to include a statement of both the scope of review and the standard of review in violation of Pa.R.A.P. 2111.

[2] Although our Court is not bound by decisions of the Commonwealth Court, we may elect to deem the rationale of those decisions as persuasive. **Commonwealth v. Thomas**, 814 A.2d 754, 759 (Pa. Super. 2002).

Commonwealth Court reviewed the Board's residency restrictions which were applied pursuant to Megan's Law, the predecessor to the Sex Offender Registration and Notification Act ("SORNA"). Neither 42 Pa.C.S. § 9799.10 of SORNA nor 42 Pa.C.S. § 9798 of Megan's Law contains specific residency restrictions. However, the Commonwealth Court stated that "silence, by itself, is not sufficient to create a mandatory duty in the Board to impose no residence restrictions on sex offenders or sexually violent predators whose victims have been minors." *Nieves*, 995 A.2d at 418. Rather, as Appellant concedes, the Board has the authority to approve the home plan as follows: "[i]f parole is granted, the parolee shall . . . **[l]ive at the residence approved by the Board** at release and not change residence without the written permission of the parole supervision staff." Appellant's Brief at 16 (quoting 37 Pa. Code § 63.4(2)) (emphasis added); *see also* 37 Pa. Code § 65.4 (concerning probationers).

As noted above, each residence Appellant submitted was in close proximity to an area where children gather. Because Appellant is an SVP convicted of sexually assaulting a child, it is undisputed that an approved home plan was a condition of Appellant's probation. However, it is also undisputed that Appellant failed to provide an approved home plan. Therefore, Appellant was in violation of the terms of his probation. It was within the Board's discretion to approve the home plan as the purpose of SORNA is to protect the citizens of Pennsylvania from sex offenders, 42

Pa.C.S. §§ 9799.10 – 9799.11, and it is within the discretion of the trial court to determine if Appellant is worthy of probation. *Hoover*, 909 A.2d at 323-324. We discern no abuse of discretion. Accordingly, we discern no error in the trial court's decision to revoke Appellant's probation and resentence Appellant due to the aforementioned violation of his probation. Thus, we affirm Appellant's judgment of sentence.[3]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2015

_____

[3] To the extent that Appellant claims he did not receive the benefit of his plea agreement, we conclude that this claim is specious. There is nothing in Appellant's plea agreement relieving him of his duties to comply with the terms of release on either probation or parole. Appellant received his bargained-for sentence, and his written plea agreement reveals that the duration of probation was left to the discretion of the trial court. Guilty Plea, 1/27/05. During his incarceration, Appellant elected not to participate in sex-offender therapy, which resulted in the denial of parole, and Appellant subsequently failed to provide an approved home plan, which, as discussed above, was a violation of his probation. None of these factors impugns the integrity of Appellant's plea agreement as Appellant's subsequent failures are distinct from his initial sentencing after the plea.