J. S01016/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN LUKE, | : | |
| | : | |
| Appellant | : | No. 724 MDA 2016 |

Appeal from the Judgment of Sentence April 6, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000833-2014

BEFORE: GANTMAN, P.J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 07, 2017**

Appellant, Brian Luke, appeals from the Judgment of Sentence entered in the Luzerne County Court of Common Pleas following revocation of his probation. Appellant avers that the Commonwealth did not meet its burden of establishing that Appellant violated the terms of his special probation when he refused to attend sex offender treatment because the sentencing court had not specifically ordered such treatment. After careful review, we affirm on the basis of the trial court's Pa.R.A.P. 1925(a) Opinion, which concluded that the terms of Appellant's probation included the requirement that he undergo a mental health evaluation and comply with all treatment recommendations. Accordingly, the Board of Probation and Parole was authorized to require Appellant to undergo sex offender treatment, and his refusal to do so constituted a violation of the terms of his probations.

The trial court's Pa.R.A.P. 1925(a) Opinion includes a thorough and complete narrative of the facts and procedural history in this case, which we adopt for purposes of this appeal. *See* Trial Court Opinion, filed 7/20/16, at 1-4. While we will not go into exhaustive detail here, some of the relevant facts are as follows.

On April 30, 2014, the Luzerne County District Attorney filed a Criminal Information charging Appellant with False Alarm to Agency of Public Safety and Disorderly Conduct.[1] Those charges arose out of an October 31, 2013 incident in which Appellant called the Wilkes-Barre General Hospital Crisis Center, claiming to have kidnapped an 11-year-old girl who he wanted to sexually abuse. While on the phone, Appellant claimed to be actively abusing the child, putting his fingers and penis inside of the child's vagina. Appellant described "how good it felt inside the little girl." Affidavit of Probable Cause, 11/15/13, at 1. The Crisis Counselor could hear Appellant moaning and what sounded like a young girl's muffled screams. Appellant then hung up. When police eventually located Appellant, he denied actually raping an 11-year-old girl, but admitted fantasizing about raping a young girl he saw riding her bicycle in the neighborhood. At the time that Appellant was charged, he was awaiting sentencing in two additional cases on charges of Stalking, Indecent Exposure, Open Lewdness, Disorderly Conduct, and Harassment.

---

[1] 18 Pa.C.S. §§ 4905, and 5503, respectively.

On May 5, 2014, Appellant pled guilty to one count of False Alarm to Agency of Public Safety and the Commonwealth withdrew the charge of Disorderly Conduct. The trial court then proceeded to sentencing in all three cases.

Appellant was sentenced to a term of imprisonment in the two original cases, and in the instant case, Appellant was sentenced to a term of 12 months of probation, set to run consecutive to all other sentences. In addition, the trial court ordered Appellant to undergo a Drug/Alcohol Evaluation and a Mental Health Evaluation, and to comply with all treatment recommendations made pursuant to those evaluations. As a result of those evaluations, it was recommended that Appellant undergo sex offender low-intensive treatment. Appellant refused to attend the treatment, not only while incarcerated, but also after being released on probation.[2]

On March 4, 2016, the Pennsylvania Board of Probation and Parole notified the trial court that Appellant had violated his probation in the instant case by refusing to complete the recommended sex offender treatment. The trial court held a probation revocation hearing on April 6, 2016, at which time the trial court found that Appellant was in violation of the conditions of his sentence. The trial court revoked Appellant's probation, and sentenced him to a term of 4-24 months of incarceration.

---

[2] Because Appellant refused to attend sex offender treatment while incarcerated, he was not granted parole in either of his two original cases, and instead served the maximum sentences.

Appellant timely-filed the instant appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises a single issue:

Whether the Commonwealth has met its burden of proof that [Appellant] violated the terms and conditions of his special probation.

Appellant's Brief at 1.

In an appeal from a probation revocation order, "[o]ur standard of review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." *Commonwealth v. Hoover*, 909 A.2d 321, 322-23 (Pa. Super. 2006) (citing 42 Pa.C.S. § 9771(b)). "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Colon*, 102 A.3d 1033, 1041 (Pa. Super. 2014) (citation and quotation omitted). "A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." *Id.* (citation and quotation omitted).

The Honorable David W. Lupas has authored a comprehensive, thorough, and well-reasoned Pa.R.A.P. 1925(a) Opinion, with references to

the record and citations to relevant case law. After a careful review of the parties' arguments, and the record, we affirm on the basis of that Opinion, which concluded that although the trial court imposed the general requirement that Appellant undergo a mental evaluation and comply with all treatment recommendations, the Board of Probation and Parole could impose the more specific requirement of sex offender treatment. Trial Court Opinion, at 4-7 (citing **Commonwealth v. Elliot**, 50 A.3d 1284, 1292 (Pa. 2012) ("[T]he Board and its agents may impose conditions of supervision that are germane to, elaborate on, or interpret any conditions of probation that are imposed by the trial court.").

The parties are directed to attach a copy of the trial court's July 20, 2016 Pa.R.A.P. 1925(a) Opinion to all future filings.

Judgment of Sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/2017

11TH JUDICIAL DISTRICT OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
: OF LUZERNE COUNTY
:
v. :
: CRIMINAL DIVISION
:
:
:
BRIAN LUKE    Defendant / Appellant :
: NO. 833 OF 2014
:
:

## OPINION

BY: THE HONORABLE DAVID W. LUPAS

I. **FACTS AND PROCEDURAL HISTORY**:

On January 17, 2013, and February 11, 2014, the Luzerne County District Attorney filed Criminal Informations 3592 of 2013 and 4049 of 2013, charging the above named Defendant with Stalking,[1] Indecent Exposure,[2] Open Lewdness,[3] Disorderly Conduct, and Harassment,[4] stemming from incidents that occurred on August 25, 2013, and September 20, 2013. On March 17, 2014, represented by counsel, the Defendant pleaded guilty to two counts of Indecent Exposure, one count of Stalking, and one count of Open Lewdness. As part of the plea agreements, the Defendant was to undergo a drug/alcohol evaluation, and a mental health evaluation, and to follow the recommendations made as part of those evaluations. N.T. 3/17/14 at 4-5. A Pre-Sentence Investigation was ordered and completed, but prior to sentencing, an additional Criminal Information (833 of 2014) was filed by the Luzerne County District

---

[1] 18 Pa.C.S.A. § 2709.1(a)(2)
[2] 18 Pa.C.S.A. § 3127(a).
[3] 18 Pa.C.S.A. § 5901.
[4] 18 Pa.C.S.A. § 5503(a)(4).

1

Attorney on April 30, 2014, charging the Defendant with False Alarm to Agency of Public Safety[5] and Disorderly Conduct, stemming from an incident that occurred on October 31, 2013.

A hearing was conducted on May 5, 2014. The Court accepted the Defendant's guilty plea to False Alarm to Agency of Public Safety, and then proceeded to sentencing on all three informations. N.T. 5/5/14 at 2-6. At 3592 of 2013, the Defendant was sentenced to fourteen (14) to twenty-eight (28) months' imprisonment in a State Correctional Institution on Counts 1 and 2, and a period of six (6) months' probation on Count 3, all sentences to run concurrently. *Id.* at 8-9. At 4049 of 2013, the Defendant was sentenced to six (6) to twenty-four (24) months' imprisonment in a State Correctional Institution, to run concurrently with the sentences imposed at 3592 of 2013. *Id.* at 9. At 833 of 2014, the Defendant was sentenced to twelve (12) months' probation, to run consecutively to the other imposed sentences. *Id.* The Defendant was additionally ordered to undergo drug/alcohol and mental health evaluations, and to comply with all treatment recommended by those evaluations. *Id.* at 10. The Defendant was subsequently advised by this Court of his post-sentence rights before the hearing concluded. *Id.* at 11.[6]

On May 13, 2014, the Defendant filed a counseled Motion to Modify Sentence, asking that his sentence be reduced and that he be permitted to serve the sentence at the Luzerne County Correctional Facility. Then, while the Motion to Modify Sentence was pending, a *pro se* Notice of Appeal dated May 19, 2014 was filed. This Court subsequently denied the Motion to Modify Sentence on May 28, 2014, and on June 2,

---

[5] 18 Pa.C.S.A. § 4905(a).
[6] The Defendant was not ordered to register as a Megan's Law offender, but was classified as a sexual offender by the state correctional institution in which he was to serve his sentence.

2

2014 the Defendant file a Motion for Change of Counsel. Defense counsel was permitted to withdraw on July 28, 2014, and conflict counsel entered her appearance on August 14, 2014. Thereafter, however, the Defendant discontinued the appeal of his May 5, 2014 sentence, and it was marked as discontinued by the Superior Court on October 9, 2014.

On March 4, 2016, the Pennsylvania Board of Probation and Parole notified the Court that while incarcerated, the Defendant had refused to participate in sex offender programing that was recommended for him. Based on the failure to comply with this recommendation during incarceration, the Board of Probation and Parole sought to revoke the probationary sentence the Defendant was still serving, which had been imposed pursuant to Information 833 of 2014 consecutive to the periods of incarceration imposed.[7]

At an April 6, 2016 probation revocation hearing, Jeffrey Bernosky, a special operations field agent with the Pennsylvania State Parole Board, testified that the Defendant had not completed recommended sex offender low intensive programming while he was incarcerated. N.T. 4/16/16 at 3.[8] The Defendant disputed that completion of a sex offender treatment program was a condition of his probation, and maintained that no health care professional had ever directed him to attend such treatment. *Id.* at 4, 9.

---

[7] At the time revocation of probation was sought, the Defendant had served his maximum sentences at Informations 3592 of 2013 and 4049 of 2013. N.T. 4/6/16 AT 13, 15.

[8] Agent Bernosky specifically testified that offenders are required to complete sex offender therapy within the institution in order to receive a positive board action, and that upon completing that therapy and receiving the positive board action, the offender is also required upon release to enroll in sex offender treatment in the community. Id. at 9. Agent Bernosky further clarified that all offenders who have been classified as a sex offender must complete such therapy, not just Megan's law registrants. Id. at 10.

3

At the conclusion of the April 6, 2016 hearing, the Court determined that the Commonwealth met its burden of proving that the Defendant was in violation of the conditions of his sentence, which included a requirement that he undergo mental health evaluations and comply with any recommended treatment. *Id.* at 17. The Court then revoked the sentence imposed upon the Defendant at 833 of 2014, and resentenced him to a minimum of four (4) to a maximum of twenty-four (24) months incarceration in a state correctional institution. *Id.* at 20.

The Defendant appealed the revocation and resentencing on April 29, 2016, and was directed to file a Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal. He complied on May 18, 2016, and the Commonwealth has filed a response thereto. This matter is now ripe for an Opinion addressing the alleged errors raised by the Defendant.

For the reasons set forth below, we believe the Defendant's allegations of error are without merit and, therefore, the revocation and resentencing should be affirmed.

## II.  LAW AND DISCUSSION:

Appellate counsel raises the following issue on appeal:

> 1. Whether the Commonwealth has met the burden of proof that the Defendant violated the terms and conditions of his special probation. While the Commonwealth alleges that the Defendant was somehow obligated to complete any type of sex offender treatment even though no sex offender treatment was ordered by the court at sentencing.

Concise Statement of Errors Complained of on Appeal filed 5/18/16. The Commonwealth responds that this matter is controlled by *Commonwealth v. Elliot*, 50 A.3d 1284 (Pa. 2012). In that case, the Pennsylvania Supreme Court reconciled the

4

trial court's exclusive authority to attach conditions of probation with the Board of Probation and Parole's power to impose conditions of supervision as follows.

> [T]he Board and its agents may impose conditions of supervision that are germane to, elaborate on, or interpret any conditions of probation that are imposed by the trial court. This interpretation gives meaning to all of the statutory provisions relevant to this case and thus: (1) maintains the sentencing authority solely with a trial court; (2) permits the Board and its agents to evaluate probationers on a one-on-one basis to effectuate supervision; (3) sustains the ability of the Board to impose conditions of supervision; and (4) authorizes that a probationer may be detained, arrested, and "violated" for failing to comply with either a condition of probation or a condition of supervision. In summary, a trial court may impose conditions of probation in a generalized manner, and the Board or its agents may impose more specific conditions of supervision pertaining to that probation, so long as those supervision conditions are in furtherance of the trial court's conditions of probation.

*Elliott*, 50 A.3d at 1292 (footnote omitted) (holding that revocation was proper based on a violation of the Board's condition of supervision that defendant not be within 1,000 feet of areas where primary activity involves minors, as that condition derived from the trial court's condition of probation that defendant not have unsupervised contact with minors).

Here, this Court imposed as a condition of probation that the Defendant undergo drug/alcohol and mental health evaluations, and to comply with all treatment recommended by those evaluations. N.T. 5/5/14 at 10. The Board then imposed a more specific condition of supervision, i.e. that the Defendant complete sex offender low-intensive programming treatment. Pursuant to *Elliot*, since this more specific condition of supervision was in furtherance of the trial court's conditions, it was properly imposed by the Board. This condition of supervision is certainly warranted to insure or assist the Defendant in leading a law abiding life and is necessary to ensure rehabilitation of the defendant and permits the Board of Probation and its agents to

5

evaluate probationers on a one-on-one basis to effectuate supervision. It is undisputed that the Defendant failed to complete the sex offender low-intensive programming treatment, and thus, despite his assertions to the contrary, the Commonwealth has met its burden of proof that the Defendant violated the terms and conditions of his special probation.

For the foregoing reasons, the Defendant's appeal should be denied in its entirety, and the judgment of sentence entered April 6, 2016 affirmed.

**END OF OPINION**

6