J-S21037-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
CHARLES R. SPAULDING, JR., :
:
Appellant : No. 1427 WDA 2016

Appeal from the Judgment of Sentence August 24, 2016
in the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0001750-2013

BEFORE: LAZARUS, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED MAY 30, 2017**

Charles R. Spaulding, Jr. (Appellant) appeals from the August 24, 2016 judgment of sentence entered after the revocation of his probation. We affirm.

On April 8, 2014, Appellant entered into a negotiated guilty plea to one count of sexual abuse of children. According to the affidavit of probable cause, Appellant, a 19-year-old male at the time, had posed as a minor female on Facebook and sent a friend request to a 17-year-old female, which she accepted. Appellant and the minor female exchanged cell phone numbers. Appellant requested nude photographs of the minor female, and also sent a photograph of a vagina to the minor female. The minor female then recognized the phone number as being Appellant's, ended communication, and reported the incident to the police. When police

_____

* Retired Senior Judge assigned to the Superior Court.

searched Appellant's cell phone, they found photographs of nude females who were under the age of 18. On July 28, 2014, Appellant was sentenced to 41 days to two years less one day of incarceration, to be followed by three years of probation. Having served the 41 days of incarceration prior to sentencing, Appellant was paroled immediately.

On July 27, 2016, the State Board of Probation and Parole issued a detainer for Appellant. Appellant admitted to technical violations of his probation. At the sentencing hearing, the Commonwealth set forth the following summary of the technical violations.

> [Appellant] was not permitted to have access to the internet but he chose to go on Facebook. He had sexual communications with a juvenile female. This included pictures.
>
> Also, he was supposed to attend sex offender treatment as a form of his therapy to help himself get better and he failed to appear for that as well.
>
> So, the Commonwealth's position is that [Appellant] is a registered sex offender, he gets out, he accesses the internet and essentially finds another juvenile female that could potentially be another victim. And so we believe, at this point, society does need [to be] protected.

N.T., 8/24/2016, at 14-15.

On August 24, 2016, Appellant was resentenced to two to four years of incarceration. Appellant filed a motion to modify his sentence, which was denied on September 2, 2016. Appellant filed timely a notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant argues that the "trial court erred when it issued a manifestly excessive and clearly unreasonable resentence to [Appellant] by resentencing him to 2-4 years in the state penitentiary." Appellant's Brief at 6.

Appellant challenges the discretionary aspects of his sentence. We consider his issue mindful of the following.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> * * *
>
> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760-61 (Pa. Super. 2014) (internal citations and quotation marks omitted).

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
>> (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see***

> Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Samuel***, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Here, Appellant filed a notice of appeal after preserving the issue by filing a motion to modify sentence. Further, Appellant's brief contains a statement pursuant to Pa.R.A.P. 2119(f), arguing that his sentence was excessive. Appellant's Brief at 11-13.

"The imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the fundamental norms which underlie the sentencing process." ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010) (internal quotation marks omitted). This Court has held that "[a]n argument that the trial court imposed an excessive sentence to technical probation violations raises a substantial question." ***Commonwealth v. Schutzues***, 54 A.3d 86, 98 (Pa. Super. 2012). Accordingly, we will review the merits of that claim.

Regarding prison sentences imposed following the revocation of probation, the Sentencing Code provides as follows:

> The court shall not impose a sentence of total confinement upon revocation unless it finds that:

>      (1) the defendant has been convicted of another crime; or
>
>      (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
>      (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Crump*, 995 A.2d at 1283. In the instant case, the trial court offered a thorough summary of its rationale for resentencing Appellant at the hearing. *See* N.T., 8/24/2016, at 14-18 (pointing out concerns such as the fact Appellant did not complete sex offender treatment, he possessed a smartphone with internet access, and had contact with minors).

In addition, the trial court offered the following explanation for its sentence.

> The [trial court] resentenced [Appellant] after revoking his probation for multiple probation violations, one of which was failing to complete a required sexual offender program. [Appellant] also admitted to creating fake Facebook accounts posing as a minor female and engaging in illicit sexual communications with other minor females. Due to these multiple violations, the [trial court] found that [Appellant] was not amenable to supervision.

Trial Court Opinion, 11/14/2016.

Because the trial court's findings are supported by the record and evidence thoughtful considerations by the trial court about the specific needs of Appellant, we conclude that the trial court did not abuse its discretion in sentencing Appellant.  Probation has proven to be ineffective in rehabilitating Appellant, and a prison sentence is necessary to help Appellant with treatment as well as vindicate the authority of the court and protect the public.  *See*, *e.g.*, ***Commonwealth v. Hoover***, 909 A.2d 321, 324 (Pa. Super. 2006) (holding that where Hoover was serving probation for driving-under-the-influence convictions and became intoxicated in violation of the terms of his probation, incarceration was warranted where Hoover "would be difficult to supervise while on probation and posed a risk to the community in that he was likely to commit new crime").  Accordingly, we discern no abuse of discretion in the trial court's decision to sentence Appellant to two to four years of imprisonment.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/30/2017

- 6 -