J-A14026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JUSTIN CAREY :
:
Appellant : No. 3570 EDA 2016

Appeal from the Judgment of Sentence October 18, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011154-2015

BEFORE: GANTMAN, P.J., SHOGAN, J., and PLATT*, J.

MEMORANDUM BY SHOGAN, J.: **FILED SEPTEMBER 06, 2018**

Appellant, Justin Carey, appeals from the judgment of sentence entered following the revocation of his probation. For the reasons that follow, we reverse and remand for further proceedings.

The notes of testimony from Appellant's guilty plea hearing reveal that on September 12, 2015, Appellant, who was driving his car, approached a fourteen-year-old boy, J.D., who was walking his dog. Appellant exited the car and asked J.D. if he would like to engage in sexual intercourse. Appellant told J.D. that he could make a lot of money if he just got into Appellant's car. J.D. told Appellant he was going to go home and change, but he would meet him later. Appellant then exposed his penis to J.D. J.D. walked home and called police. Police officers responded to the location where J.D. informed them that he encountered Appellant, and the officers discovered that

_____
* Retired Senior Judge assigned to the Superior Court.

Appellant was still there. The police then arrested Appellant. N.T., Guilty Plea, 2/9/16, at 7-8.

Appellant was charged with one count each of luring a child into a motor vehicle and indecent exposure.[1] On February 9, 2016, Appellant entered a guilty plea to both charges. On that same date, the trial court sentenced Appellant to a term of ten to twenty-three months of incarceration, followed by three years of probation for luring a child into a motor vehicle and a consecutive term of five years of probation for indecent exposure. The trial court immediately paroled Appellant.[2] N.T., 2/9/16, at 12.

The record reveals that on February 17, 2016, Appellant met with his probation officer, Owen O'Connell. N.T., Sentencing, 10/18/16, at 7. Officer O'Connell testified that he explained the rules of probation, Appellant's reporting requirements, the prohibitions against possessing pornography, and the rules regarding the use of electronic devices. *Id.* at 8. Despite these instructions, Appellant failed to inform Officer O'Connell about his

---

[1] 18 Pa.C.S. §§ 2910(a) and 3127(a), respectively.

[2] The basis upon which Appellant was released prior to completing his minimum sentence is unclear from the record. However, authority for such a release is provided in 42 Pa.C.S. § 9813, and the trial court, which retained jurisdiction pursuant to 42 Pa.C.S. § 9762, was permitted to release Appellant for "lawful purposes as the court shall consider necessary and appropriate." 42 Pa.C.S. § 9813(a). Ultimately, there is no indication that Appellant was paroled or that his parole was revoked, and trial court's rationale for releasing Appellant to begin his probationary sentence is not germane to our disposition of the instant appeal.

- 2 -

employment, and he was seven hours late to the appointment with Officer O'Connell. *Id.* at 8-9. At his next appointment, Appellant had still failed to register his employment information in violation of 42 Pa.C.S. § 9799.16(b)(9). *Id.* at 8-9. During this appointment, Officer O'Connell looked through Appellant's telephone and discovered text messages with photos of Appellant's erect penis and impermissible use of social media. *Id.* at 11-12.

On March 7, 2016, the Philadelphia Department of Adult Probation requested the revocation of Appellant's probation due to Appellant's failure to register his employment as required by 42 Pa.C.S. § 9799.16(b)(9) and because of other technical violations, including the possession of the photographs of Appellant's erect penis and unauthorized use of electronic devices. At a hearing on August 2, 2016, the trial court revoked Appellant's probation and ordered a presentence investigation report ("PSI"). N.T., Hearing, 8/2/16, at 4-5. On October 18, 2016, the trial court resentenced Appellant to eighteen months to three years of incarceration for luring a child into a motor vehicle and a consecutive term of five years of probation for indecent exposure. Appellant filed a timely post-sentence motion; however, the trial court did not rule on it. Pursuant to Pa.R.Crim.P. 708(E), a post-sentence motion to modify sentence imposed following the revocation of

probation does not toll the 30-day[3] appeal period, and Appellant filed a timely notice of appeal on November 17, 2016. On December 9, 2016, the trial court directed Appellant to file a concise statement of errors complained of on appeal. Appellant filed a Pa.R.A.P. 1925(b) statement on January 5, 2017, and another on January 17, 2017. The trial court filed an opinion on July 7, 2017. On August 10, 2017, Appellant filed a motion in this Court requesting that we remand this matter to allow Appellant to file a supplemental Pa.R.A.P. 1925(b) statement. This Court granted the motion, and Appellant filed a supplemental Pa.R.A.P. 1925(b) statement on September 7, 2017. The trial court filed a second opinion on September 27, 2017.

On appeal, Appellant presents the following issues for this Court's consideration:

> 1. Did not the court below violate [A]ppellant's due process rights, Pennsylvania case law, Pa. R. Crim. P. 708 and 42 Pa. C. S. § 9771(b) and (d) when it failed to hold a <u>Gagnon</u> II[4] revocation hearing prior to finding [A]ppellant in violation and revoking his probation?
>
> 2. Did not the sentencing court err and violate [A]ppellant's First and Fourteenth Amendment rights under the Federal Constitution as well as his rights under Article 1, Sections 3 and 7, of the Pennsylvania Constitution and violate general sentencing principles and Pa. C. S. §9754(c)(13) by sentencing [A]ppellant to state incarceration for alleged technical violations of his sex offender probation where the conditions for restrictions on use of social media were unconstitutional as applied to [A]ppellant as the

---

[3] An appeal shall be filed within thirty days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a).

[4] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

conditions were not rationally related to the crimes of conviction and were unduly restrictive and incompatible of freedom of conscience?

3. Did not the sentencing court err as a matter of law and abuse its discretion to sentence [A]ppellant for alleged violations of his probation where the evidence was insufficient to support those alleged violations?

4. Did not the sentencing court err as a matter of law and abuse its discretion by entering a manifestly excessive and unreasonable sentence where the alleged violations were technical only, there was no indication that [A]ppellant would commit another crime if he was not incarcerated, incarceration was not essential to vindicate the authority of the court and the lower court neither stated adequate reasons on the record for so doing nor considered the extensive mitigation presented, all in violation of 42 Pa. C. S. §§ 9721(b) and 9771(c)?

Appellant's Brief at 3-4.

In general, the imposition of sentence following the revocation of probation is left to the discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000). Our scope of review includes **the validity of the revocation proceedings**, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1033 (Pa. Super. 2013) (*en banc*) (emphasis added). Once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: (1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, (3) such a sentence is

- 5 -

essential to vindicate the authority of court. ***Commonwealth v. Hoover***, 909 A.2d 321, 322-323 (Pa. Super. 2006) (citations omitted).

In Appellant's first issue, he alleges that the trial court erred as a matter of law and violated his right to due process when it failed to hold a ***Gagnon II*** hearing prior to revoking Appellant's probation. The Supreme Court of the United States has held that due process requires parolees to be afforded two separate hearings prior to the revocation of parole.[5] ***Gagnon***, 411 U.S. at 782.

> [A] parolee is entitled to two hearings, one a preliminary hearing at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole, and the other a somewhat more comprehensive hearing prior to the making of the final revocation decision.

***Id.*** at 781-82. "The purpose of having two hearings, a ***Gagnon I*** and a ***Gagnon II***, is to allow for a factual determination of whether a violation occurred and to give each side the opportunity to present evidence in support of its case." ***Commonwealth v. Sims***, 770 A.2d 346, 352 (Pa. Super. 2001) (citation omitted). "Notably, the purpose of having a ***Gagnon II*** hearing is to provide appellant additional due process safeguards." ***Id.*** (citation omitted). "Accordingly, the Commonwealth is required to meet a higher standard of proof at the ***Gagnon II*** hearing." ***Id.***

---

[5] The due process requirements established for parole revocations in ***Gagnon*** are applicable to probation revocation proceedings. ***Wolff v. McDonnell***, 418 U.S. 539, 559-560 (1974).

The record reflects that the trial court held a hearing on August 2, 2016, at which Appellant was represented by counsel. During that hearing, the trial court summarily revoked Appellant's probation without providing Appellant an opportunity to present any evidence. N.T., 8/2/16, at 5. Counsel for Appellant did not offer any objection, and as noted above, the trial court resentenced Appellant on October 18, 2016.

On appeal, Appellant argues that the trial court erred in failing to hold a *Gagnon II* hearing. Appellant's Brief at 21. The Commonwealth points out that Appellant did not object to the proceedings that resulted in the revocation of his probation. Commonwealth's Brief at 15. Thus, the Commonwealth alleges that any challenge to the failure to hold a *Gagnon II* is waived. *Id.*

The Commonwealth also argues that because the trial court apparently "believed" it had already conducted a *Gagnon II* hearing, this case is distinguishable from a case where there is a "tacit waiver of such right altogether." The Commonwealth's Brief at 21. We disagree, as we are aware of no authority that countenances waiver of a *Gagnon II* hearing due to the trial court's subjective belief. We conclude that the trial court's apparent misunderstanding is immaterial in our determination as to whether Appellant was afforded due process.

Although a defendant has the right to waive his *Gagnon II* hearing, for this Court to uphold such a waiver of a constitutional right, **the record must clearly demonstrate an informed relinquishment of that right**.

- 7 -

*Commonwealth v. Heilman*, 876 A.2d 1021, 1027 (Pa. Super. 2005) (citation omitted) (emphasis added). After review, we conclude that the record does not demonstrate an informed relinquishment of Appellant's right to a *Gagnon II* hearing.

Because Appellant was not provided with a *Gagnon II* hearing and did not waive his right to a *Gagnon II* hearing through an informed relinquishment of his right to a hearing, we conclude that the revocation proceedings were invalid. *Cartrette*, 83 A.3d at 1033; *Heilman*, 876 A.2d at 1028. Accordingly, we are constrained to reverse Appellant's judgment of sentence and remand for a proper hearing.[6] *Heilman*, 876 A.2d at 1028.

Judgment of sentence reversed. Case remanded for further proceedings. Jurisdiction relinquished.[7]

P.J. Gantman joins the Memorandum.

Judge Platt concurs in the result.

---

[6] In light of our disposition, we do not address Appellant's remaining issues on appeal.

[7] On June 18, 2018, Appellant filed an application seeking to supplement the record. In light of our disposition, Appellant's application is DENIED as moot. Should Appellant seek to supplement the record, he may endeavor to do so in the trial court upon remand.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/6/18</u>