J-S06041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PATRICK ADAMS | : | |
| | : | |
| Appellant | : | No. 1261 EDA 2021 |

Appeal from the Judgment of Sentence Entered May 25, 2021
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0004081-2017

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                          **FILED APRIL 11, 2022**

Appellant, Patrick Adams, appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas, following the revocation of his probation. We affirm.

The relevant facts and procedural history of this case are as follows. On September 29, 2017, Appellant entered an open guilty plea to one count of possession of drug paraphernalia.[1] Appellant's guilty plea stemmed from an incident on May 17, 2017, when Appellant was searched incident to arrest and had in his possession a cap syringe which would be used for ingestion of drugs. The court accepted Appellant's plea as knowing, intelligent, and voluntary, and deferred sentencing pending a State Intermediate Punishment ("SIP")

---

[1] Appellant also entered a guilty plea that day to one count of false identification arising under a different docket number.

evaluation.

On March 19, 2018, Appellant appeared for sentencing for the drug paraphernalia conviction at issue in this case, the false identification conviction, and five revocation of probation cases arising at other dockets. The court initially noted that Appellant had been approved for SIP. The court explained that under the SIP program, Appellant would get a flat 24-month sentence to begin that day, with seven months to be served in a state correctional institution, and the remainder to be served in a half-way house, and then intensive outpatient treatment. Across all dockets, the court sentenced Appellant to 24 months in the SIP program, followed by four years' probation. As it relates to this appeal, the court imposed one year of probation for Appellant's drug paraphernalia conviction, to be served immediately after Appellant's completion of the SIP program.

The court expressly informed Appellant that if he successfully completed the SIP program plus one year of probation and was doing everything right— staying drug-free, refraining from committing crimes, and "**reporting like [he's] supposed [to]**"—the court would convert the second year of probation to non-reporting probation, and then terminate the remainder of the sentence. (*See* N.T. Sentencing, 3/19/18, at 7) (emphasis added). At the conclusion of the hearing, the court reiterated Appellant's aggregate sentence as a flat 24-month sentence under the SIP program, followed by four years' probation. Relevant to this appeal, on the sentencing order, under the

section titled "Special Conditions of Sentence," the trial court checked the box stating: "[Appellant] shall comply with any special conditions of probation/parole/state intermediate punishment imposed by the Montgomery County Adult Probation/Parole Department or the PA Board of Probation and Parole." (Trial/Plea/Sentence Sheet, 3/19/18, at 2).

On March 12, 2021, a violation of probation notice was filed against Appellant alleging that he, *inter alia*, failed to report for probation on November 3, 2020, November 17, 2020, December 11, 2020, January 15, 2021, January 19, 2021, and February 19, 2021.[2] The court held a revocation of probation hearing on May 25, 2021. At the hearing, Appellant stipulated to violating his probation by failing to report on the dates alleged. (**See** N.T. Revocation Hearing, 5/25/21, at 3-8).[3] At the conclusion of the hearing, the court found Appellant in violation of his probation, revoked probation, and

---

[2] Appellant's participation in the SIP program began on March 19, 2018, and was scheduled to end on March 19, 2020, at which time Appellant's one year of reporting probation for the drug paraphernalia charge at issue would begin. The record indicates, however, that Appellant did not successfully complete the SIP program. The record does not specify the exact date of Appellant's discharge from the program or when Appellant began his one year of reporting probation for the drug paraphernalia conviction at issue. Nevertheless, the parties do not dispute that Appellant was serving his probationary sentence for the crime at issue when he allegedly failed to report.

[3] At one point during the hearing, Appellant equivocated about whether he wanted to enter the stipulation. After further consultation with counsel, however, Appellant made clear he was stipulating to the failure to report violations. Appellant does not challenge the voluntariness of his stipulation on appeal. (**See id.**)

resentenced Appellant to 12 months' probation to begin that day.[4]

On June 23, 2021, Appellant timely filed a notice of appeal. Appellant subsequently filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises two issues on appeal:

> Was the sentence imposed by the [c]ourt on May 25, 2021 an illegal sentence since the Commonwealth failed to present evidence of the actual terms and conditions of [Appellant]'s probation and parole as required by [**Commonwealth v. Koger**, 255 A.3d 1285 (Pa.Super. 2021), *appeal granted*, No. 270 WAL 2021 (Pa. Apr. 5, 2022)]; failed to establish a violation of a specific condition of probation as required by **Koger**; and failed to establish a new criminal conviction for [Appellant]?
>
> Was the evidence at the May 25, 2021 **Gagnon II**[5] hearing insufficient to establish a **Gagnon** violation since the Commonwealth failed to present evidence of the actual terms and conditions of [Appellant]'s probation and parole as required by [**Koger**]; failed to establish a violation of a specific condition of probation as required by **Koger**; and failed to establish a new criminal conviction for [Appellant]?

(Appellant's Brief at 3).

When reviewing the outcome of a revocation proceeding, this Court is

_____

[4] The court also imposed additional sentences at other dockets which are not at issue in this appeal.

[5] **Gagnon v. Scarpelli**, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). **See also Commonwealth v. Ferguson**, 761 A.2d 613 (Pa.Super. 2000) (explaining that when parolee or probationer is detained pending revocation hearing, due process requires determination at pre-revocation hearing of probable cause to believe violation was committed; upon finding of probable cause, second, more comprehensive hearing follows before court makes final revocation decision).

limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. ***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). "In general, the imposition of a sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." ***Commonwealth v. Hoover***, 909 A.2d 321, 322 (Pa.Super. 2006).

In his issues combined, Appellant concedes that he stipulated to violating his probation by failing to report. Nevertheless, Appellant argues there was no evidence that reporting was a condition of his probation, where the court did not expressly set forth that condition in its original March 19, 2018 sentencing order. Appellant claims that a court can find a defendant in violation of probation only if the defendant has violated one of the "specific conditions" of probation imposed at sentencing or has committed a new crime. Appellant asserts that the **trial court** is obligated to set forth the conditions of probation or parole at sentencing as a prerequisite for finding that the probationer violated his probation. Appellant maintains that the court lacked subject matter jurisdiction to impose the May 25, 2021 revocation sentence because the probation condition to which Appellant stipulated to violating was never made part of his sentence.

Likewise, Appellant complains the evidence was insufficient to support the probation violation where the failing to report condition of probation at

issue was not set forth at sentencing. Under these circumstances, Appellant insists his revocation sentence is illegal, and his stipulation is not binding. Appellant concludes the evidence was insufficient to support the probation violation, the revocation sentence was illegal, and this Court must vacate and remand for a new revocation hearing or reinstate the original sentence of probation. We disagree.

"The Commonwealth must prove the violation by a preponderance of evidence and, once it does so, the decision to revoke [probation or] parole is a matter for the court's discretion." *Commonwealth v. Kalichak*, 943 A.2d 285, 290-91 (Pa.Super. 2008). "A court may find a defendant in violation of probation only if the defendant has violated one of the 'specific conditions' of probation included in the probation order or has committed a new crime." *Commonwealth v. Foster*, 654 Pa. 266, ___, 214 A.3d 1240, 1250 (2019).

In support of Appellant's complaints on appeal, he relies heavily on this Court's recent decision in *Koger, supra*.[6] In that case, the appellant pled guilty to possession of child pornography and criminal use of a communication facility on August 21, 2018. The court sentenced him to 8-23 months' imprisonment for the child pornography conviction, he was awarded credit for time served, and immediately paroled. For the criminal use of a

---

[6] In its Rule 1925(a) opinion, the trial court suggests that Appellant is entitled to relief under **Koger**. The Commonwealth disputes Appellant's entitlement to relief and insists **Koger** is distinguishable from the facts of this case.

communication facility conviction, the court sentenced the appellant to three years' probation. At sentencing, the court stated:

> As special conditions of this sentence, Appellant shall have no contact with any victims or persons displayed in the images. Appellant shall submit to a drug and alcohol evaluation and complete any recommended treatment; perform 100 hours of community service and complete sexual offender counseling.

***Koger, supra*** at 1287 (quoting Order of Sentence, 8/21/18). On December 21, 2018, the court revoked the appellant's probation and parole after he stipulated to committing technical violations. On September 16, 2019, a second petition was filed alleging the appellant violated his parole and probation for engaging in assaultive, threatening or harassing behavior, failing to permit a probation officer to visit his residence and failure to submit to warrantless searches, and other violations of criminal laws or ordinances.

At the revocation hearing, the appellant's parole officer testified about the facts giving rise to the alleged violations. At the conclusion of the hearing, the court found the appellant in technical violation and revoked the appellant's parole and probation. Subsequently, the court resentenced the appellant to serve the balance of his minimum sentence for the child pornography conviction and imposed a term of 1-3 years' imprisonment for the criminal use of a communication facility conviction. The appellant appealed.

Initially, this Court remanded for a supplemental opinion concerning whether the court had imposed or advised the appellant of the terms and conditions of his probation and parole at the time of the initial August 21, 2018

sentencing. The court responded stating that it did not advise the appellant of the general conditions of his probation or parole at the time of sentencing; instead, pursuant to local procedures, the probation and parole conditions were explained to the appellant after sentencing by an adult probation officer.

The appellant challenged the sufficiency of the evidence to support his violations in the absence of evidence as to the actual terms and conditions of the appellant's parole and probation and claimed his revocation sentences were illegal. In evaluating the appellant's claims, this Court relied on language from our Supreme Court's decision in **Foster, supra**, in which the Court said that a trial court is required to "attach reasonable conditions authorized by [42 Pa.C.S.A. § 9763] (relating to conditions of probation) as it deems necessary to ensure or assist the defendant in leading a law-abiding life"; the failure to do so is a violation of the court's statutory mandate. **Koger, supra** at 1290 (citing **Foster, supra** at ____, 214 A.3d at 1244 n.5, 1248-50).

Relying on **Foster**, the **Koger** Court held that the trial court erred in failing to specifically advise the appellant of the conditions of his probation and parole at the time of his initial sentencing. "Because the trial court did not impose, at the time of the August 21, 2018 sentencing, any specific probation or parole conditions, the court could not have found he violated one of the specific conditions of probation or parole included in the probation order." **Koger, supra** at 1291 (internal quotation marks omitted). The Court continued: "In short, a sentencing court may not delegate its statutorily

- 8 -

proscribed duties to probation and parole offices and is required to communicate any conditions of probation or parole as a prerequisite to violating any such condition." ***Id.*** Thus, this Court reversed the revocation of probation and parole and vacated the new judgment of sentence.

Instantly, on March 19, 2018, the court originally sentenced Appellant to one year of probation for his possession of drug paraphernalia conviction. While structuring Appellant's sentence for this crime and other offenses at different dockets, the court informed Appellant that if he successfully completed the SIP program plus the one year of probation imposed for the possession of drug paraphernalia conviction and was "doing everything right," including "**reporting like [he's] supposed [to]**," then the court would convert the second year of probation to non-reporting probation, and terminate the remainder of the sentence. (***See*** N.T. Sentencing, 3/19/18, at 7) (emphasis added). At the conclusion of the hearing, the court reiterated Appellant's sentence at all dockets as a flat 24-month sentence under the SIP program, followed by four years' probation. At the end of three years of supervision (two years of SIP plus one year of reporting probation for the possession of drug paraphernalia conviction), if Appellant was doing everything right, the next year of probation would be converted to non-reporting probation, and the remainder of the sentence would be terminated. (***See id.*** at 9).

Significantly, Appellant completely ignores the court's remarks at the

March 19, 2018 sentencing hearing where the court expressly stated Appellant's obligation to report during the first year of probation following the SIP program. (*Id.* at 7). Additionally, although the sentencing order did not specify that Appellant was required to report for his probation, once the trial court dictates general probation conditions, the Board or its agents may impose more specific conditions consistent with the trial court's intent. *See Commonwealth v. Elliott*, 616 Pa. 524, 535-37, 50 A.3d 1284, 1291-92 (2012) (stating probation offices are authorized to establish uniform standards for supervision of probationers, and further to implement those standards and conditions; this interpretation gives meaning to all relevant statutory provisions; in short, trial court may impose conditions of probation in generalized manner, and Board or its agents may impose more specific conditions of supervision pertaining to that probation, so long as those supervision conditions are in furtherance of trial court's conditions of probation). Under this framework, the court could generally impose a duty to report as a condition of Appellant's probation, and the Board could specify the nature of that obligation, *i.e.*, when, where, and to whom Appellant must report. *See id.*

Unlike *Koger*, where there was **no evidence** on the record of the probation conditions at issue at the time of sentencing, the transcript from the sentencing hearing in this case makes clear that Appellant was obligated to report as a condition of his probation. Therefore, Appellant and the trial

court's reliance on **Koger** is misplaced. As Appellant stipulated to his failure to report, which was set forth as a condition of his probation at the time of the original sentencing hearing, we see no basis on which to disrupt the court's imposition of the revocation sentence. Accordingly, we affirm the May 25, 2021 revocation sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2022