J-S60035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ROBERT VASILINDA | : | |
| | : | |
| Appellant | : | No. 316 WDA 2017 |

Appeal from the Judgment of Sentence July 28, 2015
In the Court of Common Pleas of Cambria County
Criminal Division at No(s):  CP-11-CR-0001957-2008,
CP-11-CR-0002402-2008, CP-11-CR-0002408-2008

BEFORE:   OLSON, DUBOW, JJ., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                 **FILED SEPTEMBER 12, 2017**

Appellant Robert Vasilinda appeals from the judgment of sentence entered in the Court of Common Pleas of Cambria County on July 28, 2015, following the revocation of his probation.  We affirm.

On March 19, 2010, Appellant pled guilty to numerous counts of bad checks (18 Pa.C.S.A. § 4105(a)(1)) and of theft by deception (18 Pa.C.S.A. § 3922(a)(1)).[1]  Appellant was sentenced to an aggregate term of eleven and one-half (11 ½) months to twenty-three (23) months in prison to be followed by eighteen years of probation and to pay restitution in the amount of $9,981.77.  N.T., 3/19/10, at 12-13.  Appellant's sentence was to be

---

[1] Appellant had been serving a prison sentence in West Virginia on a bad check charge at the time.  N.T., 3/19/10, at 2.

---

\*   Former Justice specially assigned to the Superior Court.

served in Cambria County Jail upon his parole from the West Virginia prison. *Id*. at 13.

While on probation, Appellant was incarcerated on July 7, 2014, as a result of new charges that alleged Appellant had embezzled money for his own benefit while serving as power of attorney for his elderly aunt. A violation of probation (VOP) hearing was held on August 12, 2014, following which the trial court determined Appellant had violated the terms of his probation due to the new charges and the hearing was continued pending the outcome of those charges. N.T., 7/28/15, at 2. On May 26, 2015, Appellant was sentenced on one count of bad checks, reduced from fifty-four counts, to pay the costs of prosecution and restitution and to serve one year less a day to two years less a day in prison. *Id*. at 3.

At Appellant's VOP hearing, the trial court stressed the charges on which it had sentenced Appellant in 2010 arose out of various cases from 2007-2008, his conduct while on probation evinced he was "unable to conform [him]self to the requirements expected of people in our society" and that he "seem[ed] to have the propensity to take advantage of the elderly in these matters." *Id*. at 10. When sentencing Appellant to an aggregate term of 101 ½ months to 216 months in prison, the trial court opined that Appellant "continue[d] to prey on people and write checks and [that]—regardless of the breaks [he had] been given[, he had] not taken advantage of that." *Id.* at 12.

Appellant filed a post-sentence motion to modify his sentence on July 31, 2015. Following oral argument on October 1, 2015, the trial court denied the motion on October 2, 2015. Thereafter, Appellant filed an appeal with this Court on October 28, 2015. In an Order filed on December 21, 2016, this Court quashed the appeal as untimely due to trial counsel's failure to file the same within thirty (30) days of Appellant's re-sentencing and instead waiting until after post-sentence motions had been ruled upon which ruling occurred after the appeal period had lapsed. **See Commonwealth v. Vasilinda**, 1746 WDA 2015 (Pa.Super. 2016) (judgment order).

On January 12, 2017, Appellant filed a petition pursuant to the Post-Conviction Relief Act (PCRA).[2] Therein, Appellant asserted trial counsel had been ineffective for failing to file a timely notice of appeal and sought to have his direct appeal rights reinstated *nunc pro tunc*. On January 13, 2017, the trial court granted Appellant's PCRA petition. On February 7, 2017, Appellant filed a notice of appeal *nunc pro tunc*. Appellant filed a concise statement of errors complained of on appeal on February 17, 2017, wherein he averred the trial court had erred in imposing a sentence of eight and one half (8 ½) years to eighteen (18) years in prison because this was his first violation of probation, he had maintained his employment and was current in his fines and costs payments, and he was drug and alcohol free.

_____

[2] 42 Pa.C.S.A. §§ 9541-9546.

In his brief, Appellant presents a single question for this Court's review:

> Whether the Court of Common Pleas of Cambria County was in error in imposing a sentence of 8 ½ to 18 years, State incarceration for failing to take into consideration mitigating factors at the Sentencing Hearing?

Brief on Behalf of Appellant at 5.

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. ***Commonwealth v. Cartrette***, 83 A.3d 1031, 1033–34 (Pa.Super. 2013) (*en banc*) (explaining appellate review of revocation sentence includes discretionary sentencing challenges). "In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." ***Commonwealth v. Hoover,*** 909 A.2d 321, 322 (Pa.Super. 2006). Following the revocation of probation, the court may impose a sentence of total confinement if any of the following conditions exist: the defendant has been convicted of another crime; the conduct of the defendant indicates it is likely he will commit another crime if he is not imprisoned; or, such a sentence is essential to vindicate the authority of the court. ***Id***. at 323. ***See also*** 42 Pa.C.S.A. § 9771(c).

The Sentencing Guidelines do not apply to sentences imposed following a revocation of probation. ***Commonwealth v. Ferguson,*** 893

A.2d 735 (Pa.Super. 2006), *appeal denied,* 588 Pa. 788, 906 A.2d 1196 (2006). When imposing its sentence following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. ***Commonwealth v. Coolbaugh,*** 770 A.2d 788, 792 (Pa.Super. 2001). Pursuant to 42 Pa.C.S.A. § 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." ***Id.*** Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Commonwealth v. Crump,*** 995 A.2d 1280, 1283 (Pa.Super. 2010) (citation omitted), *appeal denied,* 608 Pa. 661, 13 A.3d 475 (2010).

Herein, Appellant at no time has challenged the revocation of his probation and recognizes that his sentence is within the standard range of the Pennsylvania Sentencing Guidelines. ***See*** Brief on Behalf of Appellant at 8. Instead, in the three paragraphs he devotes to the argument portion of

his appellate brief, Appellant baldly maintains that his sentence was "unduly harsh and manifestly excessive" because "the [t]rial [c]ourt abused its discretion as to the discretionary aspects of sentencing in failing to take into consideration that the new charges were Appellant's first violation of probation supervision, he had maintained employment, had remained drug and alcohol free, and was current on all cost and fine payments." *Id*. at 9.

Appellant's claim implicates the discretionary aspects of his sentence following the revocation of his probation. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* (quotation marks and some citations omitted).

Here, Appellant filed a timely notice of appeal *nunc pro tunc* and filed a motion to reconsider his sentence which the trial court denied following a hearing. However, we find the bald claim of excessiveness Appellant set

forth in his Rule 2119(f) Statement does not raise a substantial question for our review.[3] *See Commonwealth v. Griffin*, 65 A.3d 932 (Pa.Super. 2013) (finding allegation that trial court failed to consider particular circumstances of facts in Appellant's case goes to the weight accorded to various sentencing factors and does not raise a substantial question); *Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa.Super. 2012) (stating that "a bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim."); *see also id.* (concluding that appellant's claim his sentence was excessive did not raise a substantial question, where he failed to challenge a specific provision of the sentencing scheme, or cite to a fundamental norm underlying the sentencing process that he believed was violated); *Commonwealth v. Mobley,* 581 A.2d 949, 952 (Pa.Super. 1990) (claim that sentence failed to take into consideration the defendant's rehabilitative needs and was manifestly excessive did not raise a substantial

---

[3] Appellant's entire Concise Statement Pursuant to Rule 2119(f) reads as follows:

> Appellant seeks to challenge the discretionary aspect of his re-sentence. Appellant avers that his re-sentence was manifestly excessive in that the [t]rial [c]ourt failed to take into consideration all the mitigating factors at the time of re-sentencing. As a result a substantial question has been raised under Rule of Appellant Procedure 2119(f).

Brief on Behalf of Appellant at 8.

question where sentence was within statutory guidelines and within sentencing guidelines).

Because Appellant's 2119(f) statement fails to present a substantial question that his sentence was excessive on appeal, a review of the merits of the discretionary aspects of his sentence is not warranted.[4] Accordingly, we affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.

---

[4] Even if we were to determine Appellant's claim raised a substantial question for review, we would find no merit to the underlying allegation as the record reflects the trial court did not abuse its discretion in fashioning its sentence. A review of the sentencing VOP hearing transcript reveals the trial court was aware of Appellant's current employment and lifestyle. Notwithstanding, it also properly considered Appellant's lengthy criminal history and stressed that despite being subject to periods of supervision for the majority of his adult life, he was unable to conform his conduct to the laws of this Commonwealth as was evident in the fact that the new charges were similar to those for which he had been on probation. **See** N.T., 7/28/15, at 2-3, 9-10. "Accordingly, the [c]ourt determined that [Appellant] was not amenable to rehabilitation in the relatively unrestrictive setting of probation and that a period of incarceration was necessary in order to successfully rehabilitate him and prevent him from engaging in further criminal activity." Trial Court Opinion, filed 12/22/15, at 8. We discern no abuse of discretion by the trial court in imposing its sentence.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/12/2017</u>