J-S66034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN S. SEEKINS, | |
| Appellant | No. 420 WDA 2017 |

Appeal from the Judgment of Sentence February 9, 2017
in the Court of Common Pleas of Warren County
Criminal Division at No.: CP-62-CR-0000132-2016

BEFORE:  BENDER, P.J.E., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 18, 2017**

Appellant, Shawn S. Seekins, appeals from the judgment of sentence imposed after revocation of his probation following his guilty plea to violations of his parole.[1]  Appointed counsel has filed a petition for leave to withdraw as counsel pursuant to **_Anders v. California_**, 386 U.S. 738 (1967), and **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009).  We grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] After Appellant admitted to violating his parole, the trial court revoked his consecutive probationary sentence, which had been set to commence following completion of Appellant's parole sentence, and sentenced him to not less than six months nor more than two years less one day of incarceration.

We take the following facts from the trial court's May 15, 2017 opinion, and our independent review of the certified record. On September 9, 2016, Appellant pleaded guilty, pursuant to a negotiated plea agreement, to one count of corruption of minors.[2] On October 7, 2016, the trial court sentenced him to not less than 170 nor more than 340 days of incarceration, followed by one year of consecutive probation. Appellant was immediately paroled.

On February 9, 2017, at a **Gagnon II**[3] hearing, Appellant stipulated to violating his parole by causing a commotion at his high school, violating his curfew, and being charged with statutory sexual assault and corruption of minors. (**See** N.T. Hearing, 2/09/17, at 8-9). After Appellant emphasized that he was on parole at the time, but that his probation had not started, the court explained that "[i]f you violate during the term of your parole, you are also violating your probation even though it hasn't commenced." (**Id.** at 9-10). Appellant admitted to the parole violations. (**See id.** at 12-13).[4]

The court then revoked Appellant's parole, remanded him to serve the balance of his maximum sentence, and then immediately re-paroled him.

_____

[2] 18 Pa.C.S.A. § 6301(a)(1)(i).

[3] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[4] After Appellant admitted to the parole violations, the court asked him how he pleaded to the violations, to which Appellant responded "Guilty[.]" (N.T. Hearing, at 13). The court accepted his admission. (**See id.**).

(**See id.** at 13). Next, the court revoked his probation and sentenced him to not less than six months nor more than two years less one day of incarceration in Warren County Jail. (**See id.** at 13). Appellant did not file a motion to modify sentence. **See** Pa.R.Crim.P. 708(E). On March 10, 2017, he filed a timely notice of appeal.[5] On July 27, 2017, counsel filed a petition to withdraw and an **Anders** brief on the basis that the appeal is wholly frivolous. Appellant has not responded.

> The standard of review for an **Anders** brief is well-settled.
>
> Court-appointed counsel who seek to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:
>
>> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.
>
> [T]his Court may not review the merits of the underlying issues without first passing on the request to withdraw.

**Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009) (citations and quotation marks omitted). Further, our Supreme Court ruled in

---

[5] On March 31, 2017, Appellant filed a concise statement of errors complained of on appeal. The court filed an opinion on May 15, 2017. **See** Pa.R.A.P. 1925.

*Santiago*, *supra*, that *Anders* briefs must contain "a discussion of counsel's reasons for believing that the client's appeal is frivolous[.]" *Santiago*, *supra* at 360.

Here, counsel's *Anders* brief and petition to withdraw substantially comply with the applicable technical requirements and demonstrate that he has made "a conscious examination of the record [and] determined that [the] appeal would be frivolous." *Lilley*, *supra* at 997. The record establishes that counsel served Appellant with a copy of the *Anders* brief and application to withdraw, and a letter of notice, which advised Appellant of his right to retain new counsel or to proceed *pro se* and raise additional issues to this Court. (*See* Petition for Leave to Withdraw as Counsel, 7/27/17, at 2, Exhibit A). Further, the application and brief cite "to anything that arguably might support the appeal[.]" *Lilley*, *supra* at 997 (citation omitted); (*see also Anders* Brief, at 4-9). As noted by our Supreme Court in *Santiago*, the fact that some of counsel's statements arguably support the frivolity of the appeal does not violate the requirements of *Anders*. *See Santiago*, *supra* at 360-61. Accordingly, we conclude that counsel complied with *Anders*' technical requirements. *See Lilley*, *supra* at 997.

Having concluded that counsel's petition and brief substantially comply with the technical *Anders* requirements, we must "conduct [our] own review of the trial court's proceedings and render an independent judgment as to

whether the appeal is, in fact, wholly frivolous." ***Lilley***, ***supra*** at 998 (citation and quotation marks omitted).

The ***Anders*** brief raises two questions for our review:

A. Did Appellant knowingly enter his plea of guilty to a parole/probation violation?

B. Could the sentencing court properly revoke a period of probation that the Appellant had not begun to serve, and if so should the law change?

(***Anders*** Brief, at 3).

Appellant's first issue challenges the validity of his guilty plea to having violated his parole. (***See id.*** at 6-8). He claims that his plea was not valid because he did not know that his probation could be revoked as a result of his guilty plea to a parole violation. (***See id.***). Appellant's first claim is waived and would not merit relief.

"Initially, we note that, in an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." ***Commonwealth v. Wright***, 116 A.3d 133, 136 (Pa. Super. 2015) (citation omitted). "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court, and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." ***Commonwealth v. McNeal***, 120 A.3d 313, 322 (Pa. Super. 2015) (citation omitted).

- 5 -

A motion to modify sentence after revocation of probation must be filed within ten days following imposition of sentence. *See* Pa.R.Crim.P. 708(E). "Issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

Here, Appellant did not claim at sentencing that his admission to his parole violations was unknowing. Nor did he file a motion to modify sentence challenging his admissions. Accordingly, because he has not raised his issue to the validity of his admission before the trial court, Appellant waived his first claim. *See* Pa.R.A.P. 302(a); Pa.R.Crim.P. 708(E). Moreover, even if Appellant had preserved the issue, his claim that he unknowingly admitted to a violation of his parole is meritless.

The transcript from the *Gagnon II* hearing clearly demonstrates that the trial court explained to Appellant that "a violation of his [parole] conditions violates the probation." (N.T. Hearing, 2/09/17, at 9; *see id.* at 9-10). Thus, the record belies Appellant's claim that he did not know his admission would result in a violation of probation. Appellant's first issue would not merit relief.

In his second issue, Appellant argues that "since he had not yet begun his probationary term that his probation cannot logically be revoked." (*Anders* Brief, at 8). We disagree.

> In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of

- 6 -

the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. Our standard of review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: (1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, (3) such a sentence is essential to vindicate the authority of court.

*Commonwealth v. Hoover*, 909 A.2d 321, 322–23 (Pa. Super. 2006) (citations omitted). This Court has held that "a defendant's probationary sentence could be revoked prior to commencement of such sentence if his conduct after the probationary sentence was imposed, but before it began, warranted such revocation." *Id.* at 323 (citation omitted); *see also Commonwealth v. Wendowski*, 420 A.2d 628, 630 (Pa. Super. 1980) (holding that term of probation includes term prior to commencement of service of probationary period).

In the instant case, the trial court found that Appellant's parole violation warranted revocation of his probationary sentence. Upon review, we conclude that the trial court's decision was supported by the record. Based on Appellant's parole violation, the court was well within its authority to revoke his probation before he began serving the probationary period and impose a sentence of total confinement. *See Hoover*, *supra* at 322-23; *Wendowski*, *supra* at 630. Appellant's second issue is meritless.

Based on the foregoing, the claims raised in the **Anders** brief lack merit. Further, our independent review of the record reveals no non-frivolous claims that Appellant could have raised. We agree with counsel that this appeal is wholly frivolous. **See Lilley**, **supra** at 998. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2017