J-S82024-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT FULMER | : | |
| | : | No. 531 WDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence March 6, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0006087-2006

BEFORE:   BENDER, P.J.E., STEVENS*, P.J.E., and STRASSBURGER**, J.

MEMORANDUM BY STEVENS, P.J.E.:                    FILED JANUARY 12, 2018

Appellant Robert Fulmer appeals the judgment of sentence entered in the Court of Common Pleas of Allegheny County on March 6, 2017, at which time he was sentenced to an aggregate term of five (5) years to ten (10) years in prison following the revocation of his probation.  We affirm.

The trial court set forth the relevant facts and procedural history herein in its Pa.R.A.P. 1925(a) Opinion as follows:

> [A]ppellant, [ ] was originally charged with one count of criminal attempt to commit rape of an individual under the age of thirteen, one count of indecent assault, one count of endangering the welfare of a minor, and one count of corrupting the morals of a minor.[1] On October 4, 2007, pursuant to a plea agreement, the charge of criminal attempt to commit rape was withdrawn and the

_____

[1] At the time of the assault, the victim was an eleven-year-old mentally disabled girl and Appellant's stepdaughter.  See Probable Cause Affidavit, filed 3/26/06, at 5;  N.T. 1/3/08, at 5.

_____

*   Former Justice specially assigned to the Superior Court.
** Retired Senior Judge assigned to the Superior Court.

grading of the offense of indecent assault was reduced to a misdemeanor in the first degree. An assessment was done by the Sexual Offenders Assessment Board and it made a determination on December 17, 2007, that [Appellant] was a sexually violent predator. On January 3, 2008, [Appellant] was sentenced to a period of incarceration of not less than thirty nor more than sixty months for his plea of guilty. [Appellant] was sentenced to three periods of incarceration of not less than two and one half to five years, which were to run consecutive to each other.

[Appellant] filed a timely motion to reconsider his sentence, which motion was granted and on March 11, 2008, [Appellant] was sentenced to a period of incarceration of not less than two and one-half nor more than five years, to be followed by two period[s] of probation of five years, which were to run concurrent with each other. On March 4, 2013, [Appellant] appeared at his first probation violation hearing and at the conclusion of that hearing, this [c]ourt sentenced him at counts 3 and 4 to period of probation of five years, which were to run concurrent with each other.

[Appellant's] second probation violation hearing occurred on January 5, 2015, where this [c]ourt again sentenced him to two periods of probation of five years running concurrent with each other. [Appellant's] third probation violation hearing occurred on December 17, 2015, when this [c]ourt again sentenced him to two periods of probation of five years to run concurrent with each other. On March 6, 2017, [Appellant] appeared for his fourth probation violation hearing and this [c]ourt then sentenced him to two periods of incarceration of two and one-half to five years, which were to run consecutive to each other. [Appellant] filed a motion to reconsider his sentence, challenging the discretionary aspect of his March 6, 2017 sentence. A hearing was held on that motion on April 3, 2017,[2] and this Court denied that request to

_____

[2] Appellant failed to ensure the transcript of that hearing was made a part of the certified record. We remind Appellant "[o]ur law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." Commonwealth v. Preston, 904 A.2d 1, 6 (Pa.Super. 2006) (citation omitted).

reconsider his sentence and [Appellant] then filed the instant appeal.[3]

[Appellant] was then directed pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), to file a concise statement of matters complained of on appeal and in filing that statement, he has raised one claim of error and, that is that this [c]ourt abused its discretion in resentencing [Appellant] to an aggregate period of incarceration of not less than five nor more than ten years, since it did not comport with the Sentencing Code or consider all of the factors set forth in that Code, such as, [Appellant's] personal character and background, his age, the fact that he suffers from a mental illness and has drug and alcohol problems and that he has accepted full responsibility for the commission of his crimes.

Trial Court Opinion, filed 7/20/17, at 2-3.

In his appellate brief, Appellant presents the following question for our review:

Did the trial court fail to adequately consider and apply all of the relevant sentencing criteria, including the protection of the public, the gravity of the offense/violation, and especially [Appellant's] character and rehabilitative needs as required under 42 Pa.C.S.A. § 9721(b) (Sentencing Generally; General Standards).

Brief for Appellant at 4 (unnecessary capitalization omitted).

Appellant does not dispute that he violated the terms and conditions of his probation; rather, Appellant presents a challenge to the discretionary aspects of his sentence. When reviewing such a challenge, we adhere to the following standard:

_____

[3] Although the trial court states that this is Appellant's fourth probation violation and the transcript of each proceeding is titled "Probation Violation Hearing," a review of the record reveals Appellant appeared before the trial court on March 4, 2013, and December 7, 2015, to add conditions to his probation. The trial court did not revoke Appellant's probation at either time.

>Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Commonwealth v. Raybuck, 915 A.2d 125, 128 (Pa.Super. 2006).

Appellant's challenge to the discretionary aspects of his sentence does not entitle him to appellate review as of right. Commonwealth v. Allen, 24 A.3d 1058, 1064 (Pa.Super. 2011). Prior to addressing such a challenge, this Court engages in a four-part analysis to determine whether: the appeal is timely; Appellant preserved his issue; Appellant's brief contains a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and the statement raises a substantial question that the sentence is inappropriate under the Sentencing Code. Commonwealth v. Austin, 66 A.3d 798, 808 (Pa.Super. 2013), appeal denied, 621 Pa. 692, 77 A.3d 1258 (2013); see also Pa.R.A.P. 2119(f).[4]

_____

[4] Pa.R.A.P. 2119(f) entitled "Discretionary aspects of sentence" states:

>An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

See Pa.R.A.P. 2119 (f).

Herein, Appellant timely filed a notice of appeal and preserved his claim in his "Post-Sentence Motion Requesting a Modification of Sentence." Appellant also has included a Statement of the Reasons relied on for Allowance of Appeal to Challenge discretionary Aspects of Sentencing" in his appellate brief pursuant to Pa.R.A.P. 2119(f). See Brief for Appellant at 12-16. Thus, we next turn to a consideration of whether Appellant has presented a substantial question that his sentence is not appropriate under the Sentencing Code. In doing so, we are mindful that "[t]he determination of what constitutes a substantial question must be evaluated on a case-by-case basis." Commonwealth v. Caldwell, 117 A.3d 763, 768 (Pa.Super. 2015), appeal denied, 633 Pa. 774, 126 A.3d 1282 (2015) (citation omitted). In addition,

> [a] substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

Id.

Appellant claims that when fashioning its sentence, the trial court failed to consider the protection of the public, the gravity of the offense, and Appellant's character and rehabilitative needs. These claims raise substantial questions. See Commonwealth v. Derry, 150 A.3d 987, 992 (Pa.Super. 2016) (concluding a claim the trial court failed to consider protection of public, gravity of underlying offense, and appellant's rehabilitative needs raises a substantial question in typical cases); Commonwealth v. Dodge, 77 A.3d

1263, 1272 (Pa.Super. 2013) ("[A]n excessive sentence claim, in conjunction with an assertion that the court did not consider mitigating factors, raise[s] a substantial question."). Thus, we now address the merits of Appellant's case.

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. Commonwealth v. Cartrette, 83 A.3d 1031, 1033–34 (Pa.Super. 2013) (en banc)(explaining appellate review of revocation sentence includes discretionary sentencing challenges). "In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." Commonwealth v. Hoover, 909 A.2d 321, 322 (Pa.Super. 2006). Following the revocation of probation, the trial court may impose a sentence of total confinement if any of the following conditions exist: the defendant has been convicted of another crime; the conduct of the defendant indicates it is likely he will commit another crime if he is not imprisoned; or, such a sentence is essential to vindicate the authority of the court. Id. at 323. See also 42 Pa.C.S.A. § 9771(c).

The Sentencing Guidelines do not apply to sentences imposed following a revocation of probation, and when imposing its sentence following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary

sentence. Commonwealth v. Coolbaugh, 770 A.2d 788, 792 (Pa.Super. 2001). Pursuant to 42 Pa.C.S.A. § 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." Id. Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." Commonwealth v. Crump, 995 A.2d 1280, 1283 (Pa.Super. 2010) (citation omitted), appeal denied, 608 Pa. 661, 13 A.3d 475 (2010).

Appellant acknowledges he initially received a probationary sentence for each of his convictions and was sentenced to a term of probation after his first probation violation. Brief for Appellant at 23. Appellant further notes the trial court "made it clear" to Appellant at his first probation violation hearing that if he were again to violate the terms of his probation, it would impose a lengthy sentence. Id. (citing N.T., 1/5/15, at 7-8). Yet, Appellant maintains that in focusing on the fact he was a convicted and technical violator of his probation when imposing an aggregate prison sentence of five to ten years on March 6,

2017, the trial court "completely disregarded [Appellant's] evidence of mitigation" and the fact that he "took responsibility for his actions leading to his technical violations." Brief for Appellant at 21-22. Appellant submits the trial court should have given him "one more chance" and imposed the same sentence it handed down after his first probation violation, because he did not dispute his technical violations, took responsibility for failing to register as a sex offender, showed he was employable and able to comply with the recommended treatment programs, and had a support system willing to work with him. Id. 23-24.

Upon our review of the record, we find the trial court did not abuse its discretion when sentencing Appellant to a term of total confinement for his various probation violations. Prior to doing so, at his second probation violation and resentencing hearing held on March 6, 2017, the trial court stated:

> THE COURT: All right. [Appellant], we have a long history with you going back to 2006. I have a presentence report from December of 2007. I also have a presentence report from December of 2014. I've reviewed the violation report and it is readily apparent that you are intentionally failing to comply with all the terms and conditions, in addition to which you're contacting the victims in this particular case.
> [APPELLANT]: No, I did not contact my victims. My victim's step-sister contacted me.
> THE COURT: I understand. You are not to have any contact with them. It appears that we have provided you with every avenue possible for you to comply. You have failed to register, you contacted the victims, you manipulated the system. Accordingly at count number three, I sentence you to a period of incarceration of not less than two-and-a-half nor more than five years. And at count number four I sentence you to [a] period of

- 8 -

incarceration of not less than two-and-a-half or more than five years to run consecutive to the sentence imposed upon you at count number three. In light of your prior record, you are not RRRI eligible.

* * *

N.T., 3/6/17, at 6-7.

In addition, in its Opinion filed pursuant to Pa.R.A.P. 1925(a), the trial court provided further insight into the analysis which led to the sentence it imposed:

At the time of [Appellant's] fourth violation hearing, this [c]ourt heard not only testimony from [Appellant] but, also, had two presentence reports, one prepared in December of 2007 and the second in December of 2014. In reviewing those presentence reports, it is clear that [Appellant] was a career criminal since the December 2014 presentence report indicated that [Appellant] had thirteen other criminal cases, including a prior sexual assault in Hennepin County, Minnesota, where he molested his six-year-old niece and three-year-old stepdaughter. In addition to that sexual offense, he also pled guilty to the charge of failure to register as a sexual offender, which would have been the second time that he had been convicted of that offense, once in Minnesota and once in Pennsylvania.

In formulating [Appellant's] sentence, this [c]ourt took into consideration the fact that it was necessary for him to be incarcerated for the protection of the public, the gravity of his offenses and his rehabilitative needs. This [c]ourt noted that he had thirteen prior convictions during which he had the opportunity to address his mental health, drug and alcohol issues but failed to do so. Even his claims at the time of his fourth [sic] violation hearing, showed that he was only now attempting to make a change in his lifestyle and there was no guarantee that that would occur. It was obvious that [Appellant] is a sexually violent predator in that the two cases that involve sexual offenses, involved individuals who were under the age of thirteen years old and all of whom were related to [Appellant].

[Appellant] had been given three prior opportunities to address his alleged illnesses but chose to disregard them under his periods of probation and continued to engage in criminal activity. The record demonstrates that the only logical and rational

- 9 -

sentence for the protection of the public with regard to [Appellant's] continued criminal activity and his own rehabilitative needs was a sentence of incarceration which would permit him opportunities to deal with those particular problems. In light of the record generated in this case, it is clear that the sentences imposed upon [Appellant] were fair, just and appropriate based upon his ongoing criminal activity, the nature of his offenses and his danger to the public, in particular, his own family.

Trial Court Opinion, filed July 20, 2017, at 4-6.

In light of the foregoing, Appellant's claim that the trial court did not consider certain mitigating factors is belied by the record. The trial court was well aware of the mitigating factors and the facts surrounding this case. See N.T., 3/6/17, at 6-7. Further, the trial court expressly stated it had reviewed a presentence report from both December of 2007 and December of 2014, as well as a Convicted Violation Report from the Probation Department dated January 17, 2017. Id. As such, we must assume the trial court considered the factors outlined in Section 9721(b). See Commonwealth v. Macias, 968 A.2d 773, 778 (Pa.Super. 2009) ("Where pre-sentence reports exist, we … presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.") (citation omitted).

Moreover, contrary to Appellant's claims, the trial court informed him it had considered the protection of the public and the gravity of the offense when fashioning its sentence, and it heard from both defense counsel and Appellant concerning the latter's rehabilitative needs. See N.T., 3/6/17, at 4-7. Appellant essentially asks this Court to reweigh the significance of each

sentencing factor found at Section 9721(b) and impose our judgment in place of the sentencing court's; this we will not do. See Commonwealth v. Macias, 968 A.2d 773, 778 (Pa.Super. 2009). To the contrary, we agree that Appellant's repeated refusal to abide by the conditions of his probation evinced a prison sentence was essential to vindicate the authority of the court and for the protection of the public.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2018