J-S31044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| KEVIN ARTERS, | : | |
| Appellant | : | No. 3315 EDA 2017 |

Appeal from the Judgment of Sentence March 27, 2017
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0004106-2010

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                **FILED OCTOBER 15, 2018**

Appellant Kevin Arters appeals from the Judgment of Sentence entered following the revocation of his parole ("VOP").  He challenges the VOP sentence of 4 months and 29 days' imprisonment (the balance of his original term of incarceration) as excessive because it is part of an aggregate term of 35–70 years' incarceration.  Appellant's counsel seeks to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Upon review, we grant Counsel's Petition to Withdraw and affirm the Judgment of Sentence.

Preliminarily, we note that Appellant is serving an aggregate sentence of 35 to 70 years' imprisonment as a result of four separate cases involving sex crimes against children.  The instant appeal arises from only one case, specifically the VOP sentence imposed at CP-15-CR-4106-2010 ("CR 4106-

2010").[1]  In order to provide context for the sentencing challenge raised here, we summarize all four cases as follows.

On May 25, 2011, Appellant pled guilty in the case underlying this appeal, CR-4106-2010, to Indecent Exposure, graded as a misdemeanor of the first degree, and received a sentence of 9 to 23 months' imprisonment and a consecutive term of 3 years' probation.  On the same day, Appellant also pled guilty in another case, CP-15-CR-0004105-2010 ("CR-4105-2010"), to indecent exposure, a misdemeanor of the second degree.  The court imposed a sentence of two years' probation, to run consecutive to the first sentence.

On April 8, 2012, Appellant pled guilty at CP-15-CR-4016-2011 ("CR-4016-2011") to three counts of indecent exposure and one count each of endangering the welfare of children, and corruption of minors.[2]  The court imposed an aggregate sentence of 11½ to 23 months' imprisonment and a consecutive term of 10 years' probation, and found him to be a sexually violent predator (SVP).

On April 15, 2014, the court found Appellant to have violated his parole and/or probation in all three cases.  In CR-4105-2010, the trial court revoked

---

[1] Appellant appealed each of the four cases.  **See** 1464 EDA 2017, 3312 EDA 2017, and 3314 EDA 2017.

[2] This new conviction did not violate Appellant's parole or probation.

his two years' probation but reinstated that same term as a new violation of probation (VOP) sentence. The trial court also revoked Appellant's parole and probation in the instant case, CR-4106-2010, and in CR-4016-2011 and imposed VOP sentences totaling 22 months and 16 days' imprisonment (the combined balances of his maximum terms) and 12 years' probation.[3]

On July 15, 2016, after a non-jury trial, the court convicted Appellant in a new case, CP-15-CR-0002192-2015 ("CR-2192-2015"), in which he had been charged with luring a child into a motor vehicle, criminal use of a communication facility, and 12 counts of sexual abuse. On March 27, 2017, the trial court, which had the benefit of a pre-sentence investigation report, imposed an aggregate term of 28½ to 57 years' imprisonment and again found that Appellant was a SVP.[4]

Also on March 27, 2017, the trial court revoked the 2 years' probation in CR-4105-2010, and imposed a new VOP sentence of 1 to 2 years' imprisonment and ordered it to run concurrently with the CR-2192-2015 sentence.[5] Additionally, at the instant case, CR-4106-2010, the trial court

---

[3] Although the original sentences in CR-4106-2010 and CR-4016-2011 included a total 13 years' probation, the new sentences of April 15, 2014 only included 12 years' probation.

[4] The luring a child into a motor vehicle and 12 sexual abuse convictions each carried a mandatory "second strike" minimum sentence of 25 years, and the trial court imposed them concurrently. N.T., 3/27/17, at 14, 18, 75.

[5] The original sentencing order stated that this sentence was to run consecutively to the sentence in CR-2192-2015. However, on March 12, 2018,

revoked Appellant's parole and probation and sentenced him to 4 months and 29 days' imprisonment (the balance of his maximum originally-imposed term), to run concurrently with the CR-2192-2015 sentence, as well as a consecutive term of 3 years' probation. Finally, at CR-4016-2011, the trial court revoked Appellant's parole and sentenced him to an aggregate term of 5½ months (the balance of his maximum term), to run concurrently with his CR-2192-2015 sentence. The court also revoked the three terms of probation in that case and imposed three terms of imprisonment, aggregating 6½ to 13 years' imprisonment, all to run consecutive to the sentence in CR-2192-2015. Thus, the total aggregate sentence Appellant received in all four cases was 35 to 70 years' imprisonment and 3 years' probation.

Appellant filed a timely post-sentence motion seeking reconsideration of the sentences in all four cases, and the trial court denied it on April 10, 2017. On May 10, 2017, Appellant filed one notice of appeal, again listing all four cases which this Court docketed at 1464 EDA 2017. On July 18, 2017, we quashed the appeal in this case, as well as those at CR-4105-2010 and CR-4016-11, for untimeliness.[6] On September 12, 2017, however, the trial court

_____

the trial court issued an order stating that it was a clerical error and, with the agreement of the parties, amended the sentence such that it shall run concurrently with the CP-2192-2015 sentence.

[6] Appellant's appeal from the judgment of sentence in the newest case, CR-2192-2015, was timely because it was filed within 30 days of the denial of post-sentence motion. **See** Pa.R.Crim.P. 720(A)(2)(a) (if defendant files a timely post-sentence motion, notice of appeal shall be filed within 30 days of

- 4 -

granted Appellant's request for *nunc pro tunc* relief and reinstated his right to appeal in all three VOP cases.  Appellant then filed three separate appeals in each case, and the appeal at CR-4106-2010 is presently before us.[7]  Counsel has filed an ***Anders*** petition to withdraw and accompanying brief, and Appellant has not filed any *pro se* or counseled response.

The ***Anders*** brief presents the one issue for our review:

Does the imposition of four (4) months, twenty-nine (29) days, followed by three (3) years' consecutive probation for revocation on an Indecent Exposure case raise a substantial question that the Sentencing Code was violated by the sentencing court which imposed the sentence after a decision that Appellant had failed to meet terms of the court's probation supervision when convicted of one count of Luring a Child into a Motor Vehicle, 18 Pa.C.S. § 2910, twelve counts of Sexual Abuse, 18 Pa.C.S. § 6312(d), and one count of Criminal Use of Communication Facility, 18 Pa. C.S. § 7512(a)?  Is such a sentence an abuse of the sentencing Court's discretion?

***Anders*** Brief at 4.

We first consider counsel's petition to withdraw.  When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues

---

the order deciding the motion).  However, in his three VOP cases, the filing of the post-sentence motion did not toll the 30-day appeal period.  ***See*** Pa.R.Crim.P. 708(E) (filing of motion to modify sentence imposed after revocation of probation will not toll 30-day appeal period).

[7] This Court affirmed Appellant's VOP Judgment of Sentence in CR-4105-2010 on June 26, 2018.  ***Commonwealth v. Arters***, No. 3314 EDA 2017 (Pa. Super. filed June 26, 2018).  On August 27, 2018, this Court affirmed the Judgment of Sentence imposed on CR-2192-2015.  ***Commonwealth v. Arters***, No. 1464 EDA 2017 (Pa. Super. filed Aug. 27, 2018).  Appellant's appeal of the VOP Judgment of Sentence imposed in CR-4016-2011 is pending with the Court at No. 3312 EDA 2017.

without first passing on the request to withdraw.  Before counsel is permitted

to withdraw, he or she must meet the following requirements:

> First, counsel must petition the court for leave to withdraw and
> state that after making a conscientious examination of the record,
> he has determined that the appeal is frivolous; second, he must
> file a brief referring to any issues in the record of arguable merit;
> and third, he must furnish a copy of the brief to the defendant and
> advise him of his right to retain new counsel or to himself raise
> any additional points he deems worthy of the Superior Court's
> attention.

***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179, 183 (Pa. Super. 2008)

(citations omitted).

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's
> petition to withdraw, counsel must: (1) provide a summary of the
> procedural history and facts, with citations to the record; (2) refer
> to anything in the record that counsel believes arguably supports
> the appeal; (3) set forth counsel's conclusion that the appeal is
> frivolous; and (4) state counsel's reasons for concluding that the
> appeal is frivolous.  Counsel should articulate the relevant facts of
> record, controlling case law, and/or statutes on point that have
> led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).   "[W]hen

counsel meets his or her obligations, 'it then becomes the responsibility of the

reviewing court to make a full examination of the proceedings and make an

independent judgment to decide whether the appeal is in fact wholly

frivolous.'" ***Id.*** at 355 n.5.

Here, Counsel's petition to withdraw states that she has made a

conscientious examination of the record, determined that the appeal is wholly

frivolous, notified Appellant of her opinion and provided him with a copy of

her ***Anders*** brief, and advised Appellant that he may proceed *pro se* or retain

private counsel. Furthermore, as discussed *infra*, we are satisfied that Counsel's **Anders** brief complies with the dictates of **Santiago**. We therefore proceed to an independent review of Appellant's sole issue — a challenge to the discretionary aspects of his sentence. **See Bynum-Hamilton**, 135 A.3d at 183.

Appellant avers that his aggregate sentence of 35 to 70 years' incarceration, and a consecutive 3 years' probation, is so manifestly excessive that it constitutes too severe a punishment. **Anders** Brief at 12. The **Anders** Brief notes that the statutory maximum term of imprisonment allowable for the underlying crime, First Degree Indecent Exposure, is 5 years. 18 Pa.C.S. § 3127. The original sentence imposed was 9 to 23 months' incarceration.

In considering a challenge to the discretionary aspects of sentence, this Court has stated:

> A challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Bynum-Hamilton**, 135 A.3d at 184 (some citations omitted). Where counsel files an **Anders** brief, we may overlook the lack of a Rule 2119(f) statement. **Id.**

Here, Appellant filed a timely notice of appeal[8] and sought reconsideration of his sentence in a timely post-sentence motion. The **Anders** brief includes a heading, "statement of reasons to allow appeal from the discretionary aspects of sentencing," but the supporting discussion is that Counsel has concluded that Appellant's sentence was within the wide discretion of the trial court. We do not consider this statement, however, to impede our review of Appellant's issue. **See Bynum-Hamilton, supra** at 184. Furthermore, Appellant's claim of an excessive aggregate sentence raises a substantial question. **See Commonwealth v. Dodge**, 77 A.3d 1263, 1270 (Pa. Super. 2013) ("defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence"). Therefore, we proceed to address the merits of Appellant's claim.

The sentence Appellant challenges in the instant appeal resulted from the revocation of both parole and probation. In parole revocation cases, our standard of review is limited to whether the revocation court erred, as a

---

[8] The Commonwealth argues that this Court should dismiss Appellant's appeal for untimeliness, where he was sentenced on March 27, 2017, but his notice of appeal was not filed until May 10, 2017. Commonwealth's Brief at 7. As the Commonwealth notes elsewhere in its brief, however, this Court did quash the appeal on July 18, 2017, but the trial court reinstated Appellant's direct appeal rights *nunc pro tunc* on September 12, 2017. **Id.** at 4-5. The court provided Appellant 30 days to file a notice of appeal, and his October 11, 2017 filing of a notice of appeal was timely.

matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. ***Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008). In probation revocation cases, we review the VOP court's decision for an abuse of discretion. ***Commonwealth v. Hoover***, 909 A.2d 321, 322 (Pa. Super. 2006) (citations omitted). Our scope of review is "limited to determining the validity of the revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." ***Id***. at 322-33. ***See also Commonwealth v. Cartrette***, 83 A.3d 1031, 1034 (Pa. Super. 2013) (concluding review of discretionary aspects of a sentence imposed after revocation of probation is included in our scope of review).

When imposing sentence upon a revocation of parole, the court's options for sentencing are limited.

> Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. Indeed, there is no authority for a parole-revocation court to impose a new penalty. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. At some point thereafter, the defendant may again be paroled.

***Kalichak***, ***supra*** at 290 (internal citation omitted).

Where the sentencing court had the benefit of a pre-sentence investigation report, we presume the court weighed all sentencing factors. ***Dodge***, 77 A.3d at 1275.

To the extent Appellant challenges the length of his aggregate sentence

of incarceration in all four cases—35 to 70 years' imprisonment—we emphasize that only the appeal from the VOP Judgment of Sentence in CR-4106-2010 of 4 months, 29 days and to 3 years' probation is before this panel. We reiterate that on May 25, 2011, Appellant pled guilty to indecent exposure graded as a misdemeanor of the first degree, and the trial court initially imposed a sentence of 9 – 23 months' imprisonment and a consecutive term of 3 years' probation. Approximately three years later, on April 15, 2014, the trial court revoked his parole and probation and sentenced him to the maximum remaining on his original term of incarceration, 11 months. The court reimposed the term of 3 years' probation. On March 27, 2017, the trial court again revoked Appellant's parole and probation; and it was within the trial court's authority to impose the amount of time remaining on his original sentence of incarceration. *See Kalichak*, 943 A.2d at 290.

Furthermore, we presume the trial court, which reviewed the pre-sentence report, weighed all of the sentencing factors. *See Dodge*, 77 A.3d at 1275. In any event, the court provided an extensive explanation for imposing a lengthy sentence. The court considered the protection of the public and Appellant's rehabilitative needs, and found that he was likely to reoffend. N.T., 3/27/17, at 64. The court considered Appellant's criminal history, which included a 1995 conviction of corruption of the morals of a minor for having

sexual intercourse with a 15-year-old girl;[9] a 2000 conviction of stalking and harassment for following three middle school girls in his vehicle as they walked to and from a bus stop; a 2000 conviction of trespassing for repeatedly driving around a high school campus and following female students; and 2003 convictions of indecent assault and indecent exposure for exposing himself to his 19-year old mentally impaired niece, who had the intellectual capacity of a 5-year old, and forcing her to touch his penis despite her protestations. The court also heard that just 10 days after being paroled in 2009 after a six-year term of incarceration, Appellant committed the indecent exposure acts in this case and CR-4106-2010 by exposing himself to a 13-year old girl in the children's section of a Barnes & Noble bookstore and exposing himself to a 17-year-old girl in a Michael's craft store. Furthermore, while living at home for 7 months on parole, Appellant abused his 6-year old daughter, which resulted in a conviction of endangering the welfare of a child.

The trial court stated that Appellant's pre-sentence investigation report was "probably one of the worst [he] ever read because it's . . . so consistently alarming of [sic] the victims he chooses, where he chooses them, how he acts, [and] his performance on probation and parole." *Id.* at 51. The court noted that Appellant had "many" opportunities for rehabilitation, but he has at times denied his attraction to children (and sometimes admitted to it), and the court

_____

[9] At that time, Appellant was 20 years old. N.T., 3/27/17, at 21.

- 11 -

was concerned that he has not accepted "how bad a problem" he has. *Id.* at 67-68. In light of the foregoing, we conclude that the trial court thoroughly and properly considered the sentencing factors and did not abuse its discretion.

Accordingly, upon independent review of Appellant's claims, we conclude that he is not entitled to relief. Further, after conducting a full examination of all the proceedings, as required pursuant to *Anders*, we discern no non-frivolous issues to be raised on appeal. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1198-99 (Pa. Super. 2018). We therefore grant Counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/15/18

- 12 -