J-S62023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAURICE ISAAC | : | |
| | : | |
| Appellant | : | No. 1187 EDA 2018 |

Appeal from the Judgment of Sentence Entered March 16, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001627-2013

BEFORE: LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.: **FILED NOVEMBER 07, 2018**

Maurice Isaac appeals from the judgment of sentence entered March 16, 2018, following revocation of his probationary sentence, where Isaac violated terms of his probation prior to commencement of the probationary period. In addition, appointed counsel, Patrick J. Connors, Esq., seeks to withdraw his representation of Isaac pursuant to **Anders v. California**, 386 U.S. 738 (1967). We affirm and grant counsel's petition to withdraw.

In November 2013, Isaac entered a negotiated guilty plea to three counts of delivery of a controlled substance.[1] Pursuant to the agreement, the plea court sentenced Isaac to 15 to 30 months of incarceration, followed by

---

[1] 35 P.S. § 780-113(a)(30).

two years of probation. Isaac did not appeal from the judgment of sentence imposed.

In March 2018, the revocation court conducted a hearing to address allegations that Isaac had violated the terms of his probation.[2] In July 2014, Isaac was transferred from SCI-Dallas to a county correctional facility in preparation for his release *on parole*. Isaac's *probationary* term was scheduled to begin on August 23, 2015. However, prior to that date, in October 2014, Isaac left the facility on an approved pass but failed to return. Thereafter, Isaac remained at-large until he was arrested on new charges in September 2015, to which he pleaded guilty and for which he received an additional period of incarceration. At the conclusion of the hearing, the revocation court found Isaac in violation of his probation and resentenced him to an additional 12 to 24 months of incarceration, consecutive to the sentence imposed on the new charges. ***See generally*** Notes of Testimony (N.T. Revocation), 03/16/2018.

Isaac timely appealed, and counsel filed a Pa.R.A.P. 1925(c)(4) statement, indicating his intent to file an ***Anders*** brief in this Court. The court issued a responsive opinion. Before this Court, Isaac now raises the following issue: "[w]hether the sentence imposed on Mr. Isaac for violating his probation should be vacated where he was not yet on probation when the violations occurred[.]" ***Anders*** Br. at 2.

---

[2] ***See Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). Prior to withdrawing as counsel on direct appeal under **Anders**, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), namely:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

> Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa.Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-880 (Pa.Super. 2014). After determining that counsel has satisfied these technical requirements of **Anders** and **Santiago**, only then may this Court "conduct an independent review of

the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa.Super. 2015) (citations and footnote omitted).

In the instant matter, Attorney Connors' **Anders** brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history; he refers to the portions of the record that could arguably support Isaac's claim; and he sets forth his conclusion that Isaac's appeal is frivolous. He explains his reasoning and supports his rationale with citations to the record as well as pertinent legal authority. Attorney Connors has supplied Isaac with a copy of his **Anders** brief and a letter explaining the rights enumerated in **Nischan**. Accordingly, counsel has complied with the technical requirements for withdrawal. Thus, we may independently review the record to determine if the issue Isaac raises is frivolous and to ascertain if there are other non-frivolous issues he may pursue on appeal.

Essentially, Isaac asserts that it was inappropriate for the revocation court to find him in violation of the terms of his probation because his alleged violation occurred prior to the commencement of his probationary term. However, as noted by Attorney Connors, this Court has long held that a defendant's probation may be revoked for conduct preceding the probationary term. **See, e.g.**, **Commonwealth v. Hoover**, 909 A.2d 321, 324 (Pa.Super. 2006) (affirming revocation where defendant violated terms of work release while on parole, prior to commencement of probation); **Commonwealth v.**

***Wendowski***, 420 A.2d 630 (Pa.Super. 1980) (affirming revocation where defendant incurred new charge while serving parole, prior to commencement of probation). As stated by this Court in ***Wendowski***,

> [A] term of probation may and should be construed for revocation purposes as including the term beginning at the time probation is granted. Otherwise, having been granted probation a defendant could commit criminal acts with impunity-as far as revocation of probation is concerned-until he commenced actual service of the probationary period.

***Wendowski***, 420 A.2d at 630 (formatting applied; internal citation omitted).

Here, the plea court imposed a compound sentence on Isaac in November 2013. The probationary portion of the sentence was to commence in August 2015, following a period of incarceration. In October 2014, while on parole and prior to the commencement of his probation, Isaac absconded from supervision and remained at large until he was arrested on new charges in September 2015. Not only did Isaac violate the terms of his parole,[3] Isaac's conduct was violative of the terms of his probation. Thus, the court was within its authority to revoke Isaac's probation and impose a new sentence. ***Hoover***, 909 A.2d at 324; ***Wendowski***, 420 A.2d at 630.

In short, we agree with Attorney Connors that Isaac's issue is frivolous. We have independently reviewed the record and find no other issues of arguable merit that he could pursue on appeal. Accordingly, we affirm Isaac's judgment of sentence and grant counsel's petition to withdraw.

---

[3] Isaac stipulated to the parole violation.  N.T. Revocation at 4.

- 5 -

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/18